CAHOON *et al. v.* SCARBOROUGH, COUNTY SUPT. OF EDUCATION.

(Division B. Dec. 15, 1930. Suggestion of Error Overruled, January 12, 1931.)

[131 So. 431. No. 29019.]

Amis, **Dunn & Snow,** of Meridian, for appellants.

**W. M. Everett,** of Hickory, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Cahoon and others filed a bill in the chancery court against M. J. Scarborough, county superintendent of education, and the county school board, attacking the validity of an order annexing or consolidating the Chunky consolidated school district with the Hickory special consolidated school district, and praying for a mandatory injunction to issue to the school board to require it to reverse its order consolidating the two districts or annexing the Chunky district to the Hickory special consolidated school district, and to perpetually enjoin the county superintendent from issuing certificates for the transportation and tuition of pupils residing in the Chunky consolidated school district to the high school in the Hickory special consolidated school district, and that the chancery clerk be perpetually enjoined from issuing warrants to pay such certificates, and praying for general relief. To the bill were exhibited orders of the county school board creating the Hickory special consolidated school district and the Chunky consolidated school district. As to the creation of each of these districts the record shows that proceedings were regular and in accordance with the law.

The Chunky consolidated school district was created on the 27th day of April, 1929, and the Hickory special consolidated school district was created on May 25, 1929. Thereafter a majority of the school patrons of the Chunky consolidated school district petitioned the county school board to be annexed to, or be consolidated with, the Hickory special consolidated school district, and that a grammar school be conducted at Chunky within the proposed special consolidated district. This petition did

not state upon its face that the petitioners constituted a majority of the patrons of the Chunky consolidated school district, and there was no petition filed with the board signed by a majority of the patrons of the Hickory special consolidated school district, but the county school board recited in its order that the petition for consolidation or annexation was signed by a majority of the school patrons of the Chunky consolidated school district. The board, on the 29th day of June, 1929, passed an order in which it recited that due notice had been published in the weekly newspaper of the county, that proof of publication was filed with the county school board, and that the board met in special session pursuant to the call, and all members of the county school board and the county superintendent were present, and that the meeting was for the purpose of considering and acting upon the petition praying that the Chunky consolidated school district be formed into the Hickory special consolidated school district with grammar school at Chunky, and that the board had heard evidence thereof and objections thereto, and that it appeared that the petition was signed by a good majority of the school patrons of the Chunky consolidated school district asking to be a part of the Hickory special consolidated school district, and adjudged that said Chunky consolidated school district is a part of the Hickory special school district, and that there be a grammar school at Chunky, and then proceeded to recite the sections and parts of sections of land which would be added to the special consolidated school district. The particular part of the order pertinent here is, "It is further ordered and decreed, that the boundaries of the Hickory special consolidated school district shall extend so as to embrace the following land, to-wit" (describing the land).

The bill was demurred to by the defendants, among others one ground of the demurrer being that the act of the legislature approved September 4, 1929, cures any defect, if any, on the part of the county school board of

education in the creation, formation, and organization of the special consolidated school district, and because the bill shows on its face that this proceeding is a collateral attack and not a direct attack, and there was no appeal taken to the petition by the action of the county school board in joining them to the Hickory special consolidated school district. The curative act referred to in the demurrer is chapter 16 of the Extraordinary Session of 1929, and was approved September 4, 1929. By section 1 of this act it is provided: ''That all proceedings heretofore had and taken by the board of supervisors of any county in this state, or the school board of any county or municipality in this state, or by the board of commissioners or the board of mayor and aldermen of any municipality of this state, for the creation or organization of any road district, consolidated school district, rural separate school district, or other school district, or other taxing district, be and the same are hereby approved, ratified and confirmed, and said district, or districts, as so organized by the orders of said boards, be and the same are hereby declared to be valid and duly organized districts as provided by the general laws of the state of Mississippi, regardless of any defect or omission or irregularity in the proceedings for the organization or creation of such district.''

The chancellor overruled the demurrer, and the defendants filed an answer setting forth the various petitions for the creation of the Hickory special consolidated school district, and the proceedings in reference thereto, and also the proceedings setting forth the creation of the Chunky consolidated school district, and also the proceedings for the annexation and consolidation of the Chunky district with the Hickory special consolidated school district. On the final hearing the chancellor dismissed the bill denying all relief to the petitioners. The proceedings on which the board acted are controlled by chapter 117, Laws of 1928. Section 4 of this chapter pro-

vides: "On petition signed by a majority of the patrons of each of two or more consolidated schools or parts of consolidated school districts, the county school board, in its discretion, may form a special consolidated school district, provided said district meets the requirements contained in this act. It shall be the duty of the county school board to determine and to describe the boundaries thereof as specified in section 3 of this act." Section 5 of the act provides for a change in territory or changes in location or number of schoolhouses in the district. It provides: "The territory of a special consolidated school district may be changed by the county school board in the same way as the territory of a consolidated school district." Section 2 of the said chapter provides: "A special consolidated school district is a consolidated school district in which more than one school has been granted and located by the county school board for operation by the trustees of the district."

It is apparent that but for the curative act the proceedings would be illegal, as the statutes pertinent to the transaction were not strictly complied with. However, we think that chapter 16, above quoted, has the effect of validating the order of the board consolidating the Chunky consolidated district with the Hickory special consolidated school district. This act was approved and became effective after the order was made by the county school board and prior to the filing of the bill in this case. The trustees of the Hickory special consolidated school district had proceeded to operate under the district prior to the filing of the bill, and had incurred certain indebtedness for buildings, teachers, homes, etc.

The curative act of the Legislature is a remedial statute intended to meet such cases as this, and should be given a liberal construction to that end. Unquestionably the Legislature could have authorized the county school board to consolidate schools and extend the territory of school districts, and do all other things at the discretion

of the school board, had they so elected to do. This being true, the Legislature, by a curative act, could dispense with the requirements of the statute as to all separate transactions, it being a general and not a special act, and its provisions applying to all school districts and many other kinds of taxing districts created in the state, "regardless of any defect or omission or irregularity in the proceedings for the organization or creation of such district." This is a sweeping statement, but the Legislature desired that the districts be validated where they had been organized, whether the statute had been followed in the organization or not. School boards and similar boards often make errors in their procedure in creating and carrying out the things authorized by statute; they are not learned in the law as a rule, and the Legislature no doubt had many instances of irregular proceedings before them, and deemed it wise to cure, by a general act, all of the defective organizations which had taken place, and where the people were acting upon them in expending public money and carrying out the public purposes of the school laws.

It follows from what we have said that the judgment of the chancery court must be affirmed.

Affirmed.