HOPEWELL LINE CONSOLIDATED SCHOOL *v.* COUNTY SCHOOL
BOARD OF SIMPSON COUNTY.

(BARLOW *et al. v.* BUCKLEY *et al.*)

(Division A.   March 2, 1931.)

[132 So. 566.   No. 29230.]

W. S. Henley, of Hazlehurst, and L. E. Grice, of Crystal Springs, for appellants.

W. M. Lofton, of Mendenhall, for appellees.

Smith, C. J., delivered the opinion of the court.

The trustees of the Hopewell Line consolidated school district and a number of the patrons of the school ex-

hibited an original bill against the members of the county school board of Simpson county, praying that an order made by the county school board eliminating certain territory from the Hopwell Line consolidated school district and annexing it to another such district be annulled. The case was tried on bill, answer, and proof, resulting in a decree dismissing the bill of complaint.

The Hopewell Line consolidated school district is a county line school, a small part of its territory lying in Simpson county, and the remainder in Copiah county. A tax was levied and collected in Copiah county for the support of the school. The school was operated for one session; no tax for support thereof was levied or collected in Simpson county, but pupils residing in the Simpson county portion of the district attended the school. Afterwards the Simpson county school board, at the request of some of the Simpson county patrons of the school, expressed in an election held for that purpose in the Simpson county territory of the school only, passed an order excluding the Simpson county territory from the school district and annexed it to another such district.

Chapter 283, Laws of 1924, section 8743, Hemingway's Code 1927, which governs here, is as follows:

"After a consolidated school levying a tax has been in operation one session, it cannot have its boundaries changed by the county school board or boards except on a petition of the majority of the qualified electors residing therein."

Counsel for the appellees say that the Simpson county school board had the right to make the order here complained of for two reasons: First, the orders passed by the school boards of Copiah and Simpson counties, creating the school district, are void because of certain defects alleged to exist therein; and, second, no tax within the meaning of the statute was levied for the support of the school.

The defects, if such they are, that are alleged to exist in the orders of the school boards creating the district are not fundamental, but are mere irregularities, and therefore were cured by chapter 43, Laws of 1928 (Extraordinary Session), and chapter 16, Laws of 1929 (Extraordinary Session).

The school was supported for one session by taxation, which fact is not negatived by the failure of the Simpson county authorities to levy a tax therefor on the territory of the district within that county. The decree of the court below will be reversed, and a decree will be rendered here in accordance with the prayer of the bill of complaint.

Reversed, and decree here for the appellants.