Yow *et al. v.* TISHOMINGO COUNTY SCHOOL BOARD *et al.*

(Division B.   Feb. 1, 1937.)

[172 So. 303.   No. 32563.]

822

Clark & Clark, of Iuka, for appellants.

**W. C. Sweat,** of Corinth, for appellees.

824

**Anderson, J.,** delivered the opinion of the court.

Appellants, taxpayers in the Burnsville Special Consolidated School District in Tishomingo county, filed their bill in the chancery court against appellees Tishomingo County School Board and the sheriff and tax collector of the county, seeking to have the district declared void for reasons set out in the bill, and enjoining the collection of all taxes levied and to be levied against their property in the district. The cause was heard on bill, exhibits thereto, answers, and agreed facts, resulting in a decree dismissing the bill; from which decree appellants prosecute this appeal.

At the time of the filing of the bill the school district was void—it had been illegally organized. There is no controversy between the parties as to that. The district had been in operation more than two years. While the cause was pending and before judgment, the Legislature passed an act validating all consolidated school districts where they had been in operation as long as two years. Chapter 261, p. 512, Laws 1936. Section 3 of the act excepts from its operation any such district that has been declared invalid by a court of competent jurisdiction. By leave of the court appellees amended their answer, setting up this act as a defense. In the final decree the bill was dismissed and appellants taxed with the costs

of the cause which accrued after the adoption of the validating act and appellees with the costs which accrued before its adoption.

Appellants contend that the validating act is void so far as pending suits are concerned, for two reasons: (1) It is an encroachment by the legislative branch of the government on the judicial, therefore violative of the constitutional provisions separating the government into three departments—legislative, judicial, and executive; (2) it violated the due process provisions of the State and Federal Constitutions, in that it took away from appellants an existing right not to pay the tax involved. The questions are so dependent upon each other that the solution of the second disposes of both.

Our court has upheld as constitutional validating acts as applied to governmental agencies. Cahoon v. Scarborough, 159 Miss. 5, 131 So. 431; Bullock v. Sanford Consolidated School District, 153 Miss. 476, 121 So. 267; Hopewell Line Consolidated School District v. County School Board of Simpson County, 161 Miss. 246, 132 So. 566; Evans v. Wright, 126 Miss. 703, 89 So. 266; Griffith v. City of Vicksburg, 102 Miss. 1, 58 So. 781. Those cases, except the last cited, involved acts validating school districts, the latter validating bonds issued by a municipality. Appellants argue that those cases are not controlling because the rights of parties in pending suits were not involved; that here, when the validating act was passed, appellants had acquired the right in the pending suit to have the school district declared void and thereby relieved from the taxes.

These school districts are governmental agencies for the education of the youth of the state, they are public bodies, not private. Before final adjudication, there can be no such thing as a vested right in a taxpayer in the district not to pay the tax. Some of the courts, including the Supreme Court of the United States, have held that even after a final adjudication of invalidity such dis-

tricts may be validated by legislation, and that such validating acts as applied to the successful litigants do not deny due process. Hodges v. Snyder, 261 U. S. 600, 43 S. Ct. 435, 436, 67 L. Ed. 819; Id., 45 S. D. 149, 186 N. W. 867, 25 A. L. R. 1128. In that case it was held by both the Supreme Court of South Dakota and the Supreme Court of the United States that an act of the Legislature validating a consolidated school district after it had been declared void by the courts did not, if no question of special damages or costs was involved, interfere with due process, or any other private constitutional right of residents of the district. In discussing the question, the Supreme Court of the United States used this language:

"It is true that, as they contend, the private right of parties which have been vested by the .judgment of a court cannot be taken away by subsequent legislation, but must be thereafter enforced by the court regardless of such legislation. Pennsylvania v. Wheeling & B. Bridge Co., 18 How. 421, 429, 15 L. Ed. 435 [436]; Clinton Bridge [Gray v. Chicago, I. & N. R. Co.], 10 Wall. 454, 463, 19 L. Ed. 969 [971]; United States v. Klein, 13 Wall. 128, 146, 20 L. Ed. 519 [525]; McCullough v. Virginia, 172 U. S. 102, 124, 19 S. Ct. 134, 43 L. Ed. 382 [389] (in which the repealing act was passed after judgment by the trial court).

"This rule, however, as held in the Wheeling & B. Bridge Case, does not apply to a suit brought for the enforcement of a public right, which, even after it has been established by the judgment of the court, may be annulled by subsequent legislation and should not be thereafter enforced; although, insofar as a private right has been incidentally established by such judgment, as for special damages to the plaintiff or for his costs, it may not be thus taken away. Pennsylvania v. Wheeling & B. Bridge Co., 18 How. [421], 431, 439, 15 L. Ed. 435 [437, 440]. This case has been cited with approval

in Clinton Bridge [Gray v. Chicago, I. & N. R. Co.], 10 Wall. [454], 463, 19 L. Ed. 969 [971] (likewise involving a public, as distinguished from a private, right of action); United States v. Klein, 13 Wall. [128], 146, 20 L. Ed. 519 [525]; Stockdale v. Atlantic Ins. Co., 20 Wall. [323], 332, 22 L. Ed. 348, [351]; Mills v. Green, 159 U. S. [651], 655, 16 S. Ct. 132, 40 L. Ed. 293 [294]. And so a judgment for the restitution of taxes collected under the ostensible authority of a general statute will be reversed when, after the rendition of such judgment, a statute has been passed legalizing and ratifying such taxation. Rafferty v. Smith, B. & Co., 257 U. S. [226], 232, 42 S. Ct. 71, 66 L. Ed. 208 [210].

"In the Wheeling & B. Bridge Case, as in the Clinton Bridge Case, the public right involved was that of abating an obstruction to the navigation of a river. The right involved in the present suit, of enjoining the maintenance of an illegal school district and the issuance of its bonds, is likewise a public right shared by the plaintiffs with all other resident taxpayers. And while in the Wheeling & B. Bridge Case the bill was filed by the State, although partly in its proprietary capacity as the owner of certain canals and railways (9 How. 647, 648, 13 L. Ed. 294), the doctrine that a judgment declaring a public right may be annulled by subsequent legislation, applies with like force in the present suit, although brought by individuals primarily for their own benefit; the right involved and adjudged, in the one case as in the other, being public, and not private.

"The judgment of the Supreme Court in this case affected merely the public right involved—the plaintiff's judgment for costs not being impaired—and was clearly in accordance with the doctrine of the Wheeling & B. Bridge Case. And since the question does not require further argument, the alternative motion of the defendants in error is granted and the judgment is Affirmed." The authorities on this proposition are annotated in 25 A. L. R. at page 1136.

No special damages are involved in this case, only the costs, and, as above stated, that was taken care of by taxing appellees with the costs which accrued before the adoption of the validating act. If a final judgment were here involved, we could not go to the extent the Supreme Court did in the Hodges case, and other authorities along that line, because the validating statute here expressly exempts from its operation final judgments. The principles declared in those authorities, however, are applicable here, because if the Legislature has the constitutional power by a validating act to vacate a judgment of this character, it necessarily has the power by a validating act to dismiss a suit of like character. The greater power includes the lesser.

Affirmed.