MULLINS *v.* LYLE *et al.*

(Division A.   Oct. 17, 1938.)

[183 So. 696.   No. 33343.]

F. E. Leach, of Carthage, for appellant.

300

**O. B. Triplett, Jr.,** of Newton, for appellees.

**McGowen, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court in favor of Mendola Lyle et al., appellees, against T. H. Mullins, appellant, cancelling his title to certain lands.

Mullins, the defendant in the court below, claimed title to two forty-acre tracts of land described by proper governmental subdivision, which title he acquired by virtue of sales of land struck off to the State; one sale at the proper time in 1931 for the taxes of 1930, the other sale made in 1932 for the taxes of 1931.

By their bill, the appellees, the owners of the land sold to the State, averred that the sale of the lands in

each instance was void and pointed out many particulars, and prayed for a cancellation of the Mullins deed or lease contract as a cloud upon their title. The appellant answered, denying that the sales were void in either instance, and also set up a short statute of limitations, which, in view of the conclusions we have reached, will not be further noticed.

These are sixteenth section lands.

On the trial of the case and here, it is conceded that appellant's title rests upon the validity of the order of the board of supervisors of Leake County entered respectively in August 1930 and 1931.

The court below held that the sales in each instance were void because the seal of the clerk did not appear on the minutes of the board of supervisors in the orders made at the two August meetings.

At the July meeting of the board of supervisors of that county in 1930, it made the usual order, to which no exception is made, and in that order directed that a notice be posted at the court house and published in the Carthaginian, a newspaper published at Carthage, Mississippi, and having circulation in that county, which was in the following words:

"To the Tax Payers of Leake County, State of Mississippi

"You will please take notice that the assessments of real and personal property on the rolls for 1930 have been changed and corrected by this Board so as to comply with the Laws of this State, and that said revised rolls are now open for examination, and that any objection to any assessments contained in said revised rolls must be made in writing and filed with the Clerk of this Board on or before the first Monday of August, 1930, at his office in the Town of Carthage said County, and that any or all assessments to which no objection is then and there made, will be final.

"(Signed) The Board of Supervisors of said County,
"By B. J. Barnett,
"Clerk of said Board."

It appears that the board of supervisors caused to be published the entire order made at the July meeting, including the notice to the taxpayers, which we have set forth, and also published the certificate of the clerk that the order, including the notice, was a true and correct copy of the order of the board of supervisors passed on the 24th day of July, 1930; which certificate contained this statement, ''Witness my hand and official seal, this the 24th day of July, 1930. (Signed) B. J. Barnett, Clerk of the Board of Supervisors of said county.'' At the August meeting, the board entered on its minutes the entire publication, including the certificate to which we have referred, and also the proof of publication of the publisher, and then entered the order finally approving the assessment rolls.

The order having set out in full the entire publication of the preceding order, with proof thereof, did not in words adjudicate that the publication was in conformity to law or recite anything thereasto except the entire lengthy publication.

There did not appear on the publication set forth at the August meeting, the seal of the clerk.

There are many objections to the sale in 1931 based on this order, but we are of the opinion there are only two points necessary for us to notice in this opinion.

(1) It is contended that the board of supervisors being a court of special and limited jurisdiction, that everything necessary to show jurisdiction in the court must be set forth on the minutes, and that the board, at its August meeting, did not adjudicate that the publication and proof thereof was on file in the clerk's office at the time the order was made.

We do not think there is any merit in this contention. It is true that this court has many times held that it is necessary, with reference to this particular order, that it appear from the minutes that the proper publication was on file with the clerk of the court. See Board of Supervisors v. Ottley, 146 Miss. 118, 112 So. 466; Hender-

son-Molpus Company v. Gammill, 149 Miss. 576, 115 So. 716; Gordan v. Smith, 154 Miss. 787, 122 So. 762 and Sec. 3162, Code of 1930.

We are of opinion that as to the publication of the notice required by Sec. 3162 of the Code of 1930, everything appears on the minutes of the board of supervisors, certified to by the clerk, to show that the notice was on file with the clerk of the court on the day the final order approving the assessment was made by the board of supervisors. The board could not have passed the order in that form, nor the clerk have entered it without the publication and the proof thereof being on file. We think the order is substantially in the form, as to the notice and proof of publication, and being on file with the clerk, as is found in the case of Pettibone v. Wells, Miss., 179 So. 336.

It is urged, however, that in the case of Aden v. Board of Supervisors, Issaquena County, 142 Miss. 696, 107 So. 753, wherein the order of the board of supervisors in question set forth the petition of ten or more freeholders and householders of that county for the laying out of a public road, we held the board there was compelled to make an order and find, as a fact, that the signers of the petition were qualified so to sign at the time that the petition must have been adjudicated by the board to have been signed by the requisite number qualified to sign it. This the board of supervisors did not do in that case, and we held there that the adjudication was essential. No such question is raised here. The only question was: Does it appear from the minutes of the board of supervisors that the publication was made in the manner and for the time required by law, and on file with the board at the time it made its final assessment? In the case at bar, the entire July order, including the notice, was published, certified to by the clerk, and its publication proven by the publisher, all of which was copied in the minutes of the August meeting held to hear objections of the taxpayers to the assessment roll,

and to enter the final order of assessment. While we do not commend the order, we must say that there appears to be no sound reason to declare it void for want of further adjudication.

(2) It is contended that nowhere in the publication of the notice to taxpayers, or proof thereof, did there appear the seal of the clerk of the board of supervisors. No reference was made to the seal in the order.

Sec. 2964, Code of 1930, requires: "but all process, except where otherwise provided, shall be issued and signed by the clerk of the court, with the seal of his office affixed, and shall bear date of the day on which the same shall be issued." This court early held under the statute, containing virtually the same language, that, "Process without the seal of the court, or if there be no seal without a statement of that fact, is bad." Pharis v. Conner, 3 Smedes & M. 87; also see Burton v. Cramer, 123 Miss. 848, 86 So. 578; McAllum v. Spinks, 129 Miss. 237, 91 So. 694, and Austin-Western Road Machinery Company v. Webster County, 170 Miss. 601, 154 So. 723.

In the latter case, we said: "Where publication of notice is jurisdictional, as is the case here, the filing of the proof of the publication is the equivalent of a return in writing by the sheriff of a personal summons, and is equally indispensable." Again in Sharp v. Smith, 180 Miss. 887, 178 So. 595, we held that the notice is in the nature of process to be served on the public.

The statute, Section 3162, requires the board of supervisors by newspaper publication to notify the public. It may be questioned whether or not the board of supervisors is required by law to have a seal, but coming squarely to the issue, we are of opinion the statute, Section 2964, requiring the seal to be upon process, referred to process addressed to individuals and not publication of a general notice by a board of supervisors to the public or a part thereof not specifically named. The notice here was not within the statute. The object of

the statute as to seal was to advise the party upon whom the writ was to be served that its authenticity was genuine. In the case at bar, can any man doubt that, after the proof of publication was returned to the board of supervisors, and by it entered upon the minutes, that its authenticity was fully established? We think not, and while we are adhering to a strict rule of construction in the matter of this notice, we must consider the complexity of the situation, suppose the clerk had in this case affixed his seal to the publication and the publisher had printed it with one less star, or with an eagle, or some other device thereon, and the clerk's copy did not show that accurately, it would be contended by a party dependent upon such contentions that the publication was void because the seal was not genuinely copied on the minutes, and the law, if such contention was adopted, would be led to an absurdity. Adhering to the opinions of this court as to the necessity for the process issuing from a court which has a seal, to have thereon the seal, we think the purpose of this statute, with reference to the board of supervisors' notices to the public, in order to comply with due process, does not in fact require a seal to be affixed to such notice, and we will not extend the statute beyond its fair and reasonable intent. We might add in conclusion that the board of supervisors, in adopting this process and filing it by copying it on its minutes, had before it in the printed publication, the certificate of the clerk of the board that it had been issued under his official seal which would appear to set the question at rest. See Griffin v. Sheffield, 38 Miss. 359, 77 Am. Dec. 646.

As to the sale in 1932, the order of the board, upon which the sale was based, appears to be regular, and the only objection thereto urged here by appellees is that the seal did not appear upon the publication, as entered upon the minutes, which we have disposed of heretofore.

The court below erred, and should have dismissed the bill.

Reversed, and judgment here for appellant.