HARRELL, et al. *v.* CITY OF JACKSON

No. 40354 January 21, 1957 92 So. 2d 240

*Robert W. King,* Jackson, for appellants.

*E. W. Stennett, W. T. Neely,* Jackson, for appellee.

ROBERDS, P. J.

In 1954, the Trustees of the Jackson Municipal Separate School District were in the act of constructing upon land, to which they had title, an elementary school and a junior high school. The land upon which the schools were erected was located without the limits of the municipality of Jackson but was within the limits of said separate school district. Appellants, as complainants in this cause, filed the bill herein against the municipality of Jackson, Mississippi, alleging that they were the owners of certain real property located within the boundaries of said school district and near the two school buildings which were being erected by the trustees of the school district. The bill also alleged that the erection of the school buildings was causing damage to their property. The bill averred that the school trustees, as agents of the City, had let contracts for the construction of the school buildings and preparation of the school grounds; that in doing this work very large and heavy machinery was being used; that the underbrush and trees and natural cover of the land had been and were being removed from the school land, which had changed the natural lay of the land, thereby increasing the flow of water in some places upon the lands of complainants and at other places had filled natural drains and prevented their lands being drained by such natural ditches. There was no claim that the work had been done in a negligent manner or that any act which had been performed was not necessary or appropriate to the proper erection and construction of the school buildings and the landscaping of the school grounds.

The suit was against the municipality of Jackson alone, asking for damages resulting to their properties by the foregoing acts of the trustees of the school. The bill prayed that the City be enjoined from proceeding with the construction of the buildings. The City of Jackson filed a general demurrer to the bill. This demurrer was sustained by the chancellor. The appeal here is from that action. The chancellor decided that in the performance of this work the trustees of the school district were not the agents of the City. Whether the trustees were the agents of the City so as to make the City of Jackson liable for the foregoing property damage is the only question to be decided upon this appeal. The question must be determined by the effect of the provisions of the Constitution of Mississippi, the legislative acts which have been passed, and the cases which have been decided.

There are a number of provisions appearing in the Constitution bearing upon this question.

Section 201 imposes upon the Legislature the duty to establish a uniform system of public schools in the State for children between the ages of six and twenty-one years.

Section 202 provides for a Superintendent of Public Education to be elected by the qualified voters of the State; specifies his qualifications and confers upon him the power and the duty of supervising the common schools and the educational interests of the State.

Section 203 provides for a State Board of Education to consist of the Secretary of State, the Attorney General and the Superintendent of Public Education, and vests in that board the power to manage the school funds and perform such other duties as may be prescribed by law.

Section 204 provides for a Superintendent of Public Education in each county in the State, whose qualifica-

tions, compensation and duties shall be prescribed by law.

Section 205 requires that a public school be maintained in each school district in the county for at least four months during each scholastic year.

Section 213-B is a new section in the Constitution. It was approved by the electors at an election held December 21, 1954, and was subsequently inserted into the Constitution by the Legislature. This section provides, among other things, that the Legislature is authorized and empowered "* * * to abolish public schools in this State, and enact suitable legislation to effect the same." That section further empowers the Legislature "to authorize counties and school districts to abolish their public schools and enact suitable legislation to effect the same."

The Legislature of the State has enacted a number of statutes pertaining to the formation, operation and maintenance of school districts in the State and provide for the construction and maintenance of buildings and other school facilities. Section 6422 of the Mississippi Code of 1942 provides: "Separate school districts are of three classes, municipal, rural and line. The schools of a separate district shall be under the control of five trustees, each to be chosen for a term of five years, but so chosen that one will be elected each year. All terms shall date from date of election on the first Saturday of March, except municipal trustees whose terms shall date from January 1st."

Section 6378 of said Code makes the trustees of all school districts custodians of the school property and then provides that they "shall have charge of the erection, repairing or equipping of school buildings, teachers homes, school barns, or the making of other school improvements, and they are authorized to write orders to the County Superintendent to issue pay certificates on any available school fund of their respective school districts."

Section 6423 of said Code, Sub-section (2), confers upon the trustees of separate school districts the power to designate custodians of the school building, grounds and property of the school district, to make all needed rules and regulations concerning the duties of such custodians; to authorize the use of the school buildings and grounds for holding public meetings under such rules and regulations as the trustees may prescribe, and "* * * to have full charge of the erection, repairing, or equipping of school buildings; * * *".

Sub-section 13 of said Section 6423 imposes the duty upon such trustees to determine annually the amount of money required for the support of public schools in the district and "* * * for carrying into effect all the provisions of law in reference thereto." This sub-section makes the trustees responsible for all the expenditures for school purposes, and authorizes them to draw orders upon the clerk of the municipality for warrants and pay certificates on any available school funds of the district.

Section 6416 of said Code makes it the duty of the governing authorities of a municipality constituting all or a part of a separate school district to annually levy a tax on the property in the separate school district for payment of the items included in the annual budget submitted by the board of trustees.

It is true that the Extraordinary Session of the Legislature of 1953 provided for repeal of some, or all, of the foregoing statutory sections, upon reorganization of school districts. However, that does not affect the relative bearing these statutes had upon the power, authority and agency of the trustees of the Jackson Municipal Separate School District. The bill does not aver that this district was ever reorganized. The acts complained of in the bill took place while the enumerated statutes were in full force and effect. In addition, the subsequent statutes continued in force the powers and agency of the trustees of separate school districts. For instance,

Section 6328-24, Cumulative Supp. to Code of 1942, (Section 4, Chapter 17, Ex. Sess. 1953), continued power in said trustee to be custodian of school property, and to manage, control and care for the same, and imposed upon them responsibility and power "* * * for the erection, repairing, and equipping of school facilities and the making of necessary school improvements."

 █ The facts that the trustees are appointed by the governing authority of the municipality and that the municipality imposes and collects the taxes of the district do not constitute the trustees of the district agents for the municipality in the erection and construction of school buildings. As above-stated, Section 6378 expressly confers upon the trustees the power to erect, repair and equip school buildings, and the trustees execute orders for paying out the funds of the district. Subsection 2, Section 6423, expressly confers the power on the trustees to erect, repair and equip school buildings, and Sub-section 13 makes it the duty of the trustees to determine annually the amount of money required for the support of the schools.

This Court has dealt with the question of agency of the trustees of a separate school district in a number of cases. We will refer to four of them. The case of Dye, et al. v. Brewton, Mayor, et al., 119 Miss. 359, 80 So. 761, involved a question of collateral attack on the organization of the school district. This Court said: "The contention is made, and correctly so, we think, that the Sardis Separate School District has been created under legislative authority, and as such becomes an instrumentality of the government for school purposes; that being a governmental arm of the state, the legality of its organization can not be inquired into or attacked in the present proceeding." This case involves the validity of bonds of the Sardis Separate School District on the ground that the district had not been legally organized.

In Sheedy v. State, 152 Miss. 82, 118 So. 372, this Court said: "Under the statute public school districts are not declared to be bodies corporate. They are mere agencies of the State, and have only such powers as are conferred upon them by law."

In Adams County, Mississippi Board of Education v. State Educational Finance Commission of Mississippi, No. 40,375, decided December 17, 1956, 229 Miss. 566, 91 So. 2d. 524, 534 this Court said: "School districts are mere agencies of the state and may be abolished or dissolved at the will of the Legislature, subject of course to constitutional limitation. 40 Am. Jur. 310, Schools, Par. 17. In the exercise of its power the Legislature may act directly, or it may delegate its power to subordinate authorities without violating the general rule against the delegation of legislative power. School district v. Callahan, 237 Wis. 560, 297 N. W. 407, 135 A. L. R. 1081."

In Yow, et al. v. Tishomingo County School Board, et al., 177 Miss. 821, 172 So. 303, this Court said: "These school districts are governmental agencies for the education of the youth of the state, they are public bodies, not private."

■■ ■ While the conclusion we have reached grows out of our constitutional and legislative provisions and decided cases, it is in line with the general rule on the question. In 78 C. J. S., Schools and School Districts, Section 25, p. 661, it is said: "As a general rule a school district, school board, or other local school organization is a separate legal entity, and is entirely separate and distinct from a city or town, as well as from a township, borough or county, which includes or is included in its territory, whether or not the two are coterminous, and even though they have some officers in common or an officer of the one is an ex officio officer of the other."

In an Annotation in 160 A. L. R. 15, this rule is deduced: "Usually the local public schools and school af-

fairs have been entrusted to school districts, school boards, or other local school agencies or authorities as heretofore discussed, having a separate and distinct identity from that of the city, town, county, township, or other such political subdivision of the state in which the schools were located, irrespective of whether the territorial limits of the latter coincided with or were less or greater than the boundaries or jurisdiction of the school agency or authority.''

 Thus it is clear from the foregoing constitutional and legislative provisions and the adjudicated cases of Mississippi and the general rule elsewhere that the trustees of the Jackson Municipal Separate School District are agents of the State of Mississippi and not of the municipality of Jackson; that in the construction and erection of the elementary and junior high schools and the preparation of the school grounds the trustees were exercising the powers conferred upon them by the Constitution and the Legislature, and they were not agents of the City of Jackson.

The trustees are not parties to this suit. The chancellor sustained the demurrer on the ground that the trustees were not agents of the City. In this conclusion, he was correct. That is the only question we decide.

Affirmed.

*Hall, Lee, Kyle* and *Holmes,* JJ., concur.