In The Matter of The Extension of The Boundaries of The City of Hazlehurst, Mississippi

No. 42716          June 3, 1963          153 So. 2d 809

*R. O. Arrington, Jr.,* Hazlehurst, for appellant.

*Henley, Jones & Henley*, Hazlehurst, for appellees.

530

LEE, P. J.

This is an appeal by the City of Hazlehurst from a decree of the Chancery Court of Copiah County, dismissing the City's petition to ratify, approve, and confirm an ordinance, which proposed to enlarge the city limits.

Hardy W. Graves and others filed their objection and protest against the petition for confirmation of the ordinance, raising, in addition to the merits, by what might be termed pleas in bar, two issues, attacking the validity of the proposal as a matter of law.

The court signified its desire to hear and determine the issues as to validity first, and by agreement of the parties and their attorneys, it was stipulated (1) that certain property of the Copiah County School Board, on which were located buildings and facilities for a school bus terminal and repair shop for the schools of the county, was included in the proposed extension, and that consent for such inclusion had not been obtained from the board of trustees thereof. Also, that certain property, leased for a period of ninety-nine years, on which were located the buildings and grounds of an Armory of the National Guard of the State, were included in the proposed extension, and that consent therefor had not been obtained from the governing board or body.

It was further stipulated (2) that the copy of the proposed ordinance of extension as furnished to the printer, was correct but that it did not contain a certificate of the clerk of the city, certifying to said ordinance and did not contain or have affixed thereto the impression of the corporate seal of the city; that the signatures of W. L. Reno, Mayor, and J. A. Wood, Clerk,

of the City, were mere copies and not genuine, and, as published, the ordinance did not contain a certificate of the clerk of the city certifying to said ordinance or any indication that the imprint of the municipal seal was affixed thereto. For that reason, the ordinance was void.

The court, in a written opinion, held that the school bus terminal and repair shop, with its buildings and facilities, was a state institution; that the National Guard Armory, its buildings and grounds constituted a state institution; and that, since the consent of the respective boards of trustees or governing boards in neither event was obtained, the proposal, under Sec. 3374-18 of the Code, was void.

The appellees cite a number of Mississippi cases, including Harrell v. City of Jackson, 229 Miss. 815, 92 So. 2d 240, and County Board of Education, Jones County v. Smith, 239 Miss. 53, 121 So. 2d 139, 114 So. 2d 613; and certain statutes, as well as decisions from other jurisdictions, for the purpose of showing that school districts are agencies of the state.

Section 3374-18 of the Code is as follows: "No municipality shall hereafter be created or shall hereafter change its boundaries so as to include within the limits of such municipality any of the buildings or grounds of any state institution unless and until consent thereto shall have first been obtained in writing from the board of trustees of such institution, or such other governing board or body as may hereafter be created for the control of such institution, provided that any proceeding creating a municipality or enlarging the boundaries of any municipality which does not comply with this statute shall be void and of no effect."

At the time that Sec. 3374-18, supra, was enacted, it had been provided by Sec. 213-A, Article 8 of the Constitution, that the state institutions of higher learning, under the management and control of the board of trus-

tees of state institutions consisted of the University of Mississippi, Mississippi State College, Mississippi State College for Women, Mississippi Southern College, Delta State Teachers College, Alcorn Agricultural and Mechanical College, and Mississippi Negro Training School, and any others of like kind which might be thereafter organized or established. Section 6744-03 of the Code provided for a board of trustees for the Columbia Training School and the Oakley Training School to be known as the Board of Trustees of Mississippi Training Schools. Section 6944 of the Code provided for a Board of Trustees of State Eleemosynary Institutions, consisting of Ellisville State School for the Feeble Minded at Ellisville, the Mississippi Industrial and Training School at Columbia, the State Insane Hospital at Whitfield and Jackson, the East Mississippi State Hospital at Meridian, the Mississippi State Charity Hospital at Jackson, the Mississippi State Charity Hospital at Vicksburg, the South Mississippi Charity Hospital at Laurel, the Natchez Charity Hospital at Natchez, and the Matty-Hersee Hospital at Meridian. Subsequently, Chap. 9, Laws of the Ex. Sess. 1947, amended Sec. 6944, supra, to provide for a board of trustees of mental institutions, consisting of Ellisville State School for the Feeble Minded, State Insane Hospital at Whitfield and East Mississippi State Insane Hospital.

In Vail v. City of Jackson, 206 Miss. 299, 40 So. 2d 151, 41 So. 2d 357, one of the objections to the extension of the corporate limits of the City of Jackson was that two state institutions, the Blind Institute and the Institute for the Deaf, with grounds and buildings appurtenant thereto, were in the territory proposed to be annexed; that the governing authorities thereof had not consented to the inclusion; and that the proposal was therefore void under the then Sec. 3383 of the Code, now Sec. 3374-18, supra. But the buildings and grounds then being used by those two institutions were already

within the corporate limits of the City of Jackson. The title to the acreage from the old Asylum grounds, on which, by legislative act, the Building Commission was directed to erect and equip suitable plants for the use and housing of the Mississippi School for the Blind and the Mississippi School for the Deaf, was still in the Building Commission. The point, which was raised by the appellant, was overruled by the court, counsel for the appellant having frankly said in their brief: ''We are not idiotic enough to assert that the State Building Commission is an institution, and we do not believe that the Legislature had little enough sense to entertain the idea that a city ordinance could incorporate a board, composed of men, in a city.''

The Court prefers to use a more euphemistic expression but holds that the legislation did not intend to nullify the extension of municipal limits by the inclusion of an armory or a small plot of land on which transportation vehicles for county schools may be repaired and stored. ██ █ While these properties belong to state agencies, they are not state institutions within the meaning of the statute. It can be readily seen how such places, as are involved in this controversy, might reap benefits in police protection from inclusion, and suffer no detriments whatever. An opposite result might occur if an institution, such as the University of Mississippi, should be brought within the corporate limits of the adjacent city. Because of local city ordinances, the University might be harassed and encounter serious conflicts in disciplinary matters, to say nothing of other possible detriments.

██ █ On the second proposition, namely, the validity of the ordinance, it appears that Secs. 3374-10 and 3374-11 of the Code were fully compiled with in the initiatory steps for the expansion and in the proceedings which were filed in the chancery court. The applicable part of Sec. 3374-72 of the Code — the basis of this attack,

is as follows: "Every ordinance passed by the governing body of a municipality * * * shall be certified by the municipal clerk, signed by the mayor or a majority of all the members of the governing body, recorded in the ordinance book, and shall be published at least one time in some newspaper published in such municipality * * * and all of same shall be done before such ordinance shall be effective. * * *"

The proven copy of the ordinance, as stipulated, was literally an exact copy of the original, as adopted by the mayor and board of aldermen of the city. It showed that all of the aldermen voted "yea" in favor of the ordinance, and that no one voted "nay"; that the date of approval was September 4, 1962; and that it was signed by W. L. Reno, Mayor, and J. A. Wood, City Clerk. Indeed it was not certified as being true and correct under the hand and seal of the City Clerk. The question is, does the absence then of certification by the clerk render the publication invalid under Sec. 3374-72 of the Code?

The Court thinks not. The statute does not require the publication of a *certified* copy of the ordinance. After the passage of an ordinance, the things to be done about it are: It is certified by the municipal clerk; it is signed by the mayor (or the alternative method); it is recorded in the ordinance book; and it is published at least one time in some newspaper published in such municipality (or the alternate publication.) Since the statute does not call for the publication of a certified copy of the ordinance, the Court is not justified in holding that such is necessary to insure validity. Actually the purpose of the publication was to give notice. With the showing that the ordinance had been unanimously adopted, and with the names of both the mayor and the clerk appearing thereon, if these facts did not arouse the curiosity and interest of any person, who might be concerned with the extension, it is altogether unlikely that a refer-

ence to the municipal seal would have served as an additional stimulant in that regard.

Under Sec. 3374-77 of the Code, it is provided that certified copies of municipal ordinances will suffice in judicial proceedings. Such copies must be verified by certificate of the clerk and by seal of the municipality. Dennis v. Walnut Grove, 157 Miss. 797, 128 So. 557.

Attention is called to Mullins v. Lyle, 183 Miss. 297, 183 So. 696, where it was held that the statute, requiring the seal of the clerk of the court to be upon all process, referred to process addressed to individuals, and not publication of a general notice of a county board of supervisors to the public or part thereof not specifically named. See the authorities there cited as the reason for the rule.

Since the statute does not require the publication of a copy of the ordinance under the municipal seal and certificate of the clerk, but simply provides for publication of the ordinance, the court is of the opinion that the requisite publication was made and that the ordinance in question was valid.

From which it follows that the decree of the trial court must be reversed and the cause is remanded to the trial court for a hearing on the merits.

Reversed and remanded.

*Kyle, Ethridge, Gillespie and Rodgers, JJ.,* concur.