Mr. Steve Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Wilson:
This is in response to your request for an opinion on two questions concerning the proposed incorporation of the "City of Harris Brake." Specifically, you note that the Arkansas Game and Fish Commission purchased certain lands in Perry County, Arkansas, on a part of which it constructed Harris Brake Lake. The remainder of the land is now designated as a state wildlife management area. A number of adjoining private landowners have recently petitioned the County Court of Perry County to incorporate the "City of Harris Brake" which would be a city of the second class and which would include all of Harris Brake Lake and a portion of the wildlife management area.
You have two questions regarding these facts, which are as follows:
1) May state or public lands, and in particular Arkansas Game and Fish Commission lands, be incorporated into a city of the second class without the owners consent?
2) If the answer to the first question is yes, what regulatory authority or jurisdiction does the city have over the public waters and lands owned by the Game and Fish Commission that are incorporated into the city, in light of the exclusive authority to regulate game and fish that Amendment 35 gives the Commission?
The questions you have posed do not appear to be governed by any relevant Arkansas statute or case. It appears, however, from a review of the decisions of other states, and from the analogous law of municipal annexation, that there is no requirement that the state or the appropriate state agency consent to the incorporation. There is no flat prohibition against incorporating state lands into a municipality. This is not to say, however, that such incorporation will be granted as a matter of right, or that it will accord the city exclusive regulatory authority over the area.
The incorporation of cities and towns in Arkansas is governed by A.C.A. 14-38-101 to -114 (1987). There is nothing in this subchapter which requires the consent of the state when state lands are included in the area to be incorporated. (The statutes of some states do require such consent. See generally, In re: City of Hazelhurst,247 Miss. 527, 153 So.2d 809 (1963)). The Arkansas subchapter does not mention state lands at all. It has been stated generally, however, that state lands may be included in territory annexed to a municipality. See 62 C.J.S. Municipal Corporations, 46 at 133. See also Op. Atty. Gen. South Carolina 84-123 (opining that there is no prohibition against a municipality incorporating state land, specifically the Department of Youth Services and the Department of Corrections). See also Pan American Production Company v. Texas City, 295 S.W.2d 697 (Tex. Civil App. 1956) (holding that absent an unconstitutional or arbitrary exercise of the power, a city can annex submerged navigable waters of the state.)
I must therefore conclude that there is no flat prohibition against a city incorporating state lands into its borders. I have found no requirement that the state consent to such incorporation. This is not to say, however, that the incorporation of this land will be granted as a matter of right. The relevant statutes provide for the filing of a petition and the holding of a hearing regarding the incorporation. See A.C.A. 14-38-101 and 103. Persons may appear at the hearing and protest the granting of the petition. The court may authorize the proponents to amend or change the petition, and has some discretion in deciding whether the area proposed to be included is proper for incorporation. See generally, A.C.A. 14-38-104, 14-38-107(b), and White v. Lorings, 274 Ark. 272, 623 S.W.2d 837 (1981). An appeal procedure is provided to the circuit court. A.C.A. 14-38-106. Neither, in my opinion, would the incorporation of such lands give the newly created municipality regulatory jurisdiction over lands which belong to the state and which are regulated by the State Game and Fish Commission. This Commission has the constitutional authority to regulate fish and wildlife, and the authority to create wildlife management areas and lakes. The incorporation of such land by a municipality, if approved, would not in my opinion operate to take away any superior authority of the state or specifically, the Arkansas Game and Fish Commission over these lands. See generally, 2 McQuillin, Municipal Corporations, 7.186. Although I cannot hypothesize every instance in which the municipality might seek to exercise authority over such land, it is my opinion that the core authority and responsibilities of the Game and Fish Commission with respect to this property may not be usurped by municipal control.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ECW/cyh