## W. J. WEIR ET AL. *v.* MAX KILLIAN.

1. SUMMONS TO JOIN IN APPEAL. *Issuance. Return day.*
    Under Code 1880, § 2319, summons to join in an appeal if issued by the clerk of the Supreme Court after the transcript is filed, should be made returnable to the next succeeding term of court.

2. SAME. *Time of service. Continuance.*
    If such summons is not served ten days before the return term of the appeal, the case should stand continued until the next term of court.

APPEAL from the Chancery Court of Issaquena County.

Hon. W. G. PHELPS, Chancellor.

On March 18, 1882, after the transcript was filed in the Supreme Court, upon this appeal by W. J. Weir and Celeste Weir from a final decree in the case of *Max Killian* v. *J. D. H. Weir et al.*, a summons was issued by the clerk of the Supreme Court for J. D. H. Weir to join in the appeal returnable on April 3, 1882, the first day of the present term. This writ was served personally on March 27, 1882, and J. D. H. Weir not appearing when the case was called, it was continued

to the October Term, 1882.   Afterwards the appellants moved
the court to set aside the continuance, and allow a severance
as to J. D. H. Weir and a submission of the case.

*Frank Johnston,* for the motion.

Service of this summons ten days before the return term of
the appeal is not required.   Code 1880, §§ 2319, 2345.   The
co-defendants do not occupy a mutually hostile attitude, like
appellant and appellee.   As the clerk cannot issue the writ
until the record is filed, which is done upon the first day of
the term, one vacation must always be lost in these cases
unless service in term time warrants a severance.

No counsel, *contra.*

COOPER, J., delivered the opinion of the court.

Code 1880, § 2319, provides that, when all the parties to a
judgment or decree do not join in an appeal which is prosecuted,
the clerk of the court before whom the appeal is taken, shall
issue a summons, when the appeal is taken, to such as do not
join in the appeal, to appear before the Supreme Court at the
return term of the appeal, and it is further provided that " the
summons to join in the appeal may be issued by the clerk of
the Supreme Court, at any time after the transcript shall be
received by him."   Code 1880, § 2345, provides that the sum-
mons to answer the appeal shall be.served on the appellee or
his attorney in fact or of record, at least ten days before the
time to which it is returnable.   No provision has been made
in the Code, nor in any of the previous codes, as to the time
when the service of the summons to join in an appeal shall be
served.   It is therefore a matter subject to be regulated by
the rules of this court.   We have adopted no rule upon the
subject, but from an examination of the records of the court,
which we have caused to be made, extending back through
many years, it is found that the practice has been to make
such summons returnable to the next succeeding term, in cases
in which the writ has been issued by our clerk in analogy to
the practice of issuing writs to appellees.   There have been
occasional departures from the practice, but they appear as
exceptional.   We consider this practice equivalent to a rule
of court, and will adhere to it.   As the summons in this cause

was not served ten days before the return term of the appeal, the cause ought to stand continued until the next term.

*Motion overruled.*