JACKSON LOAN & TRUST COMPANY v. STATE OF MISSISSIPPI EX REL. S. S. HUDSON, ATTORNEY-GENERAL.

[54 South. 157.]

MOTION TO ADVANCE ON DOCKET.

SUPREME COURT PRACTICE. *Preference cases.* Code 1906, § 4907. *Construction.*

> Under Code 1906, § 4907, providing for the trial in the supreme court of designated cases without reference to the districts from which appealed, there are but four classes of preference cases the trial of which may be advanced over other cases on the dockets:
>
> (*a*) *Habeas corpus* cases in which judgments have been rendered against persons deprived of their liberty;
>
> (*b*) *Quo warranto* cases involving the right to a public office;
>
> (*c*) *Mandamus* cases where the public interest is concerned; and
>
> (*d*) Cases involving taxes claimed by the state, a county or municipality.

FROM the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

The State, ex rel., etc., was complainant in the court below; the Loan & Trust Company, appellee, was defendant there.

From a decree overruling defendant's motion to dissolve an injunction and, on motion of the state, appointing a receiver, the defendant appealed to the supreme court.

The primary object of the suit was to annul the corporate charter of the defendant, and, incidentally to its main purpose, the bill of complaint prayed an injunction to restrain defendant from further making a class of contracts, like those charged to have been already made with a large number of ignorant persons, on the ground that they were unjust, inequitable, unconscionable, deceptive, and otherwise iniquitous; illegal in that the business carried on by the defendant through said contracts was a scheme to exact usurious interest and constituted a lottery; and the appointment of a receiver was prayed for in the bill to take charge of defendant's effects.

The court below declined to revoke defendant's charter, but decreed as above stated.

When the record of the cause reached the supreme court the appellee made the following motion:

"The State of Mississippi, appellee, moves the court to advance this case on the docket and set the same for hearing at an early date, and for reason therefor shows to the court that the same is a preference case and a cause in which the public interest is concerned."

S. S. Hudson, Attorney-General.
Cassedy & Butler,
Solicitors for the State.

*Cassedy & Butler,* for the motion.

It will be admitted that if this were a suit against a public or quasi public corporation, such as a railroad company, the case would be a preference one and a case involving the public interest under section 4907, Code 1906.

In this case not only is the public grant of the state involved but also the public policy of the state, in that it is alleged and

the chancery court found as a matter of fact that appellant was operating in violation of the public policy of the state, and the case at least is *prima facie* a preference case. Private in-junction will not lie to protect public rights. Joyce on In-junctions, § 13. This is a principle forcibly illustrated in injunctions against public nuisances.

The attorney-general is the proper party to maintain the suit in matters of public concern. Joyce on Injunctions, § 351.

Where the operations of a corporation are being conducted under a plan which is in contravention of public policy, a suit for an injunction restraining its officers from so conduct-ing its operations may be brought by the state through its at-torney-general. Joyce on Injunctions, § 351; *State v. New Orleans Debenture Co.,* 51 La. Ann. 1827. And this is true whether it has any pecuniary interest in the subject matter of the suit or not. Joyce, *supra,* § 351; *In re Debs,* 158 U. S. 584; *Louisville, etc., R. Co. v. State,* recently decided by this court.

Courts of equity have jurisdiction upon information of the attorney-general to restrain corporations from excess or abuse of their franchise and from violation of law to the public in-jury. Joyce, *supra,* § 357, and cases cited, and cases cited *supra* in this brief.

The state may enjoin a corporation from committing any *ultra vires* acts affecting public rights. Thompson on Corp. §§ 5679, 5688.

Generally a state through its proper officer may enjoin a corporation from any misuse or abuse of its corporate fran-chise, especially where such misuse results in public injury. Thompson, *supra,* §§ 5680, 5721.

Thus it will be seen that the very foundation of the right of the state to maintain the suit depends upon the suit being one affecting the public interest, though we do not admit, nor will we admit on the trial of the case, that the state stands

in a different attitude toward its contracts and grants from private individuals.

The very good name and the welfare of the state are involved in this proceeding. It is alleged in the bill and found to be true by the court below that the company is violating the laws and public policy of the state, and further alleged that the operation of the company is bringing the state and its citizens into disrepute, and is a fraud and imposition on the state, its citizens, and the public generally, and the chancellor necessarily found this allegation to be true, when he found that the company was operating in violation of state laws; that its business was contrary to good morals and the public good.

The very basis of all legislative control of banks, building and loan associations, insurance companies, etc., is the public interest and the public nature of the business and the close and intimate relations that such concerns bear to the public. Otherwise such regulation would be void and unconstitutional.

*McWillie & Thompson,* against the motion.

This case does not fall within any one of the classes of cases specifically enumerated in the statute. Code 1906, § 4907. If it can be advanced it must be done upon the idea that it falls within that part of the statute of which the language is "in cases where the public interest is concerned." All cases are preference cases if these words are to be treated as defining a separate class and are to receive a broad and liberal interpretation, since it is to the interest of the state and of the public that all suits shall be speedily and correctly decided. The truth is, however, that the words above quoted from the statute do not constitute or define a separate class of preference cases. When properly construed these words are words of limitation upon the five words, "and in actions of *mandamus,*" immediately preceding them in the section, and the statute makes "actions of *mandamus* in cases where the public is concerned" preference

cases. The punctuation in the sentence has misled counsel for the motion.

Judge Van Devanter, then United States circuit judge, now a justice of the supreme court of the United States, said in the case of *Chicago, etc., R. Co. v. Voelker,* 129 Fed. 522, 70 L. R. A. 264, 268, that "punctuation is a minor and not a controlling element in interpretation, and courts will disregard the punctuation of a statute, or re-punctuate it, if need be, to give effect to what otherwise appears to be its purpose and true meaning."

1. It will be observed that each of the separate classes of cases mentioned in the section after the first one is followed by the word "and;" this word precedes the words "in actions of *mandamus,*" next before the words to be construed and it ("and") precedes the class of cases specifically enumerated next after them. The "and" is used just before each class, except the first one, throughout the section, but it is not used so as to warrant a construction making cases where the public interest is concerned, a separate class.

2. To construe the words "cases where the public interest is concerned" as defining an independent class of preference cases results inevitably in an adjudication that all *mandamus* suits are preference cases, and this too although (Code 1906, § 3231) *mandamus* suits may be instituted by private persons against any person to compel the performance or omission of any act which the law specifically enjoins as a duty resulting from any office, trust, or station, "where there is not a plain, adequate and speedy remedy in the ordinary course of law." Of course the public is not interested, except in the most theoretical way in many *mandamus* suits.

3. To construe the words "cases where the public interest is concerned" as defining an independent class of preference cases, is to make of them an Aaron's rod, swallowing all the other classes enumerated in the section, except perhaps the first

one. "*Quo warranto* to try the right to a public office" is a case where the public interest is concerned, and so are cases "involving taxes claimed by the state, county, or municipality." Why should these be specifically enumerated, one preceding and one following the phrase in question, if they are embraced in the phrase itself? Why should private *mandamus* suits be made preference cases?

It is due to litigants in other causes that this court should not extend the scope of preference cases beyond the plain terms of the statute creating them, no matter what the court may have heretofore done when the minds of the judges were not called or directed specifically to the exact point now presented, and besides, to give the broad construction to the phrase under consideration of which the motion is predicated will largely deprive the court of power to orderly control the disposition of its business.

Argued orally by *George Butler,* for the motion, and by *R. H. Thompson, contra.*

MAYES, C. J., delivered the opinion of the court.

This case is before the court on a motion to advance and take it up for hearing in disregard of the call of the district to which it belongs. The motion is made under section 4907, Code of 1906. In order to understand the motion, it is necessary to review one or two sections of the Code bearing upon the procedure to be observed by this court in reference to taking up districts and the calling of the dockets therefrom.

By section 4900 of the Code the state is divided into three supreme court districts, numbered first, second, and third. All counties in the state are assigned to some one of these districts, as they happen to be located in the territory comprising same. The district to which this cause belongs is the first district. The court is now on the call of the second district. Sec-

tion 4902 fixes the rule by which the court shall be governed in the call of the docket for the different districts. That section requires that the docket of the First district shall be taken up when court convenes in the autumn, and the cases therefrom called and disposed of until the first Monday of December; then the docket of the Third district shall be taken up and the cases therein called and disposed of until the third Monday of January; and after this time the docket of the Second district shall be called until the first Monday in March, etc. It is thus seen that cases originating in a particular district are subject to hearing only when that district is on call, and since this case is not from the district now on call it cannot be given a hearing, unless it falls within the class of cases made preference cases by Code 1906, § 4907.

The above section is as follows: "Appeals from judgments against persons deprived of their liberty in cases of *habeas corpus,* and from judgments on informations in the nature of *quo warranto* to try the right to a public office, whether state, district, county, or municipal, and in actions of *mandamus,* in cases where the public interest is concerned, and in cases at law or in chancery involving taxes claimed by the state, county, or municipality, may be returnable before the supreme court immediately, without reference to the return days for other appeals, etc.,     *     *     *     the court shall consider such cases as entitled to be heard without regard to the district from which they are brought, and in preference to all civil cases, and they shall be heard and disposed of with all convenient speed."

The particular proceeding in this case is a proceeding instituted by the attorney-general having for its object the forfeiture of the charter of the Jackson Loan & Trust Company, a corporation chartered under the laws of the state of Mississippi; it being alleged that the company is violating the laws of the state by misusing and abusing the corporate franchise granted to it.

This, we think, is a sufficient statement of the facts by which it is sought to have this case treated as a preference case and the hearing advanced.

It is argued that section 4907 of the Code applies to all cases where the public interest is concerned. We do not think the statute can be given this interpretation. To so construe it would so subordinate the litigation involving private rights as to make it operate very unjustly on the private citizen. The statute names the character of cases which are given preference by it, and they are comparatively few in number. Preference causes named by the statute consist in appeals by persons deprived of their liberty in *habeas corpus;* judgments on informations in the nature of *quo warranto,* to try the right to a public office; cases involving taxes claimed by the state, county, or municipality; and lastly, in actions of *mandamus* where the public interest is concerned. The above constitute the only causes which may be given preference under the statute. The "public interest" may be concerned in many other cases, but the above constitute the whole character of such cases which may be given preference. Section 4907 of the Code has not been heretofore construed by this court. Many causes have been treated as "preference causes," but this is the first time that this motion has been resisted that we now recall.

This motion is overruled, and the cause remanded to the proper district, to be heard on the call of the docket of that district.

*Motion overruled.*