Yazoo & Miss. V. R. Co. *v.* W. T. McCarley.

[63 South. 335.]

1. Appeal and Error. *Certification of record. Duty of Clerk. Perfecting record. Dismissal. Grounds. Failure to file record. Code 1906, section 4921.*

When an appeal bond is filed, it becomes the duty of the clerk of the court rendering the judgment or decree appealed from, to certify the record to the supreme court at the next return day thereof, for the district in which the court, which rendered this judgment appealed from, was held.

2. Appeal and Error. *Perfecting record. Code 1906, section 4921.*

After the record below is perfected and the appeal bond filed appellant has no further duties, unless the record is not filed in the supreme court before the return day, in which case the appellant must seasonably apply to the supreme court for whatever aid he may need to obtain the filing of the record. On his failure to do this, the cause will be dismissed under section 4921, if the rights of appellee have been thereby prejudiced, unless it further appear that appellant was guilty of no negligence in the matter.

3. Appeal and Error. *Dismissal. Grounds. Failure to file record.*

Where the condition of the docket of the supreme court is such that a cause cannot be reached during that term or probably not during the next term, the failure of appellant to apply, before two weeks after the term of the supreme court convened, for *certiorari* to have the record brought up, could not possibly have prejudiced appellee, especially where the record was filed as soon as it would have been had the writ been applied for on the day after the return day of the appeal, and in such case the appeal will not be dismissed for delay by the appellant in bringing up the record.

Appeal from the circuit court of Washington county.

Hon. Monroe McClurg, Judge.

Suit by W. T. McCarley against the Yazoo & Mississippi Valley Railroad Company and others. From a

judgment for plaintiff, defendant appeals and plaintiff moves to dismiss the appeal.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

*Campbell & Cashin,* for appellee.

Argued orally by *J. M. Cashin,* for appellee

SMITH, C. J., delivered the opinion of the court.

The judgment appealed from in this cause was rendered on the 8th day of December, 1912. Appellant Yazoo & Mississippi Railway Company filed its appeal bond on the 8th day of February following. The record not having been filed in this court on the first Monday in March following, appellee filed a motion to dismiss, which motion was overruled when it was made to appear that the reason the record had not been filed was that the stenographer's notes were not filed with the clerk of the court below until the 12th day of March, 1913. On the 7th day of April, 1913, appellant Illinois Central Railroad Company filed its appeal bond with the clerk of the court below.

On October 27th, two weeks after the convening of the present term, appellee filed a motion to dismiss the cause, for the reason that the record had not been filed, and immediately thereafter appellant filed a motion for a writ of *certiorari,* directing the clerk of the court below to show cause why the record should not be sent up. The clerk of the court below very properly, without waiting for the issuance of this writ, filed the record with the clerk of this court on November 6, 1913.

When an appeal bond is filed, it becomes the duty of the clerk of the court rendering the judgment or decree appealed from to certify the record to this court at the next return day thereof for the district in which the court rendering this judgment appealed from was held. After

the record in the court below has been perfected, so that the clerk may make a transcript thereof, and the appeal bond has been filed, neither appellant nor his counsel is charged with any further duty relative thereto, unless and until it shall appear, on the day to which the record is returnable in this court, that it has not been filed with the clerk thereof. When this fact appears, it then becomes the duty of the appellant to seasonably apply to this court for whatever aid he may need to obtain the filing of the record. On his failure so to do, the cause will be dismissed, under section 4921 of the Code, if the rights of appellee have been thereby prejudiced, unless it further apepars that appellant was guilty of no negligence in the matter.

The condition of the docket of this court is such that this cause cannot be reached during the present, and probably not during the next term. The failure of appellant to apply at an earlier date for a writ of *certiorari* could not possibly have prejudiced any right of appellee; and, moreover, the record has been filed about as expeditiously · as it would have been had the writ been applied for on the day after the return day of the appeal.

*Overruled.*