## MAGEE *v.* LINCOLN COUNTY AND BRISTER ET AL.

[67 South. 145.]

APPEAL AND ERROR. *Advancement of hearing. Preference cases.*
Under Code 1906, section 4907, providing that appeals from judgments of *quo warranto* to try the right to public office, may be advanced for hearing, does not entitle all cases affecting the public interest to be advanced, since such a construction of the statute would render meaningless the enumeration of the particular actions entitled to preference mentioned in the statute.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Separate actions between J. W. Magee and Lincoln county and C. M. Brister and others were filed. From a judgment against him, J. W. Magee appeals. Motion to advance appeals for hearing or preference cases overruled.

The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield* and *Jones & Tyler,* for the motion.

*A. A. Cohn,* opposed.

COOK, J., delivered the opinion of the court.

This is a motion to advance and hear the above-styled cases as preference cases under section 4907, Code of 1906. Neither case is an appeal from judgments against persons deprived of their liberty in cases of *habeas corpus,* or from judgments on information in nature of *quo warranto* to try the right to public office, or in actions of *mandamus,* in cases where the public interest is concerned, or involving taxes claimed by the state, county, or municipality.

The soundness of the decision in *Jackson Loan & Trust Co.* v. *State*, 96 Miss. 347, 54 So. 157, is challenged.

It is contended that section 4907 makes five classes of cases preference cases, instead of four, as was decided in the above-mentioned case. It is claimed that the section in question contemplates that the court must treat as preference cases all cases where the public interest is concerned. We cannot agree to that construction of the statute. To so read it would be tantamount to saying that the legislature was guilty of cumbering the statute with language entirely unnecessary to accomplish its purpose. If appellant is correct, all that portion of the statute referring to *quo warranto* and suits involving taxes was surplusage. Indeed, all except that part which refers to *habeas corpus* could have been left out of the statute. The legislature is presumed to have meant just what it said, and that no more words were employed to express its meaning than were necessary. If appellant is right, it would have been only necessary to have said that all *habeas corpus* cases involving personal liberty and all other cases where the public interest is concerned shall be preference cases.

*Jackson Loan & Trust Co.* v. *State, supra,* seems to have received the indorsement of the legislative department, inasmuch as it has not been amended since the decision of that case in 1909.

We have, as a matter of grace, and in the exercise of what seemed at the time to be a wise discretion, advanced a number of cases not strictly within the statute, but we have been so burdened with applications of this kind that we have decided in the future to refuse to advance any case which does not come within the strict terms of the statute or rules of this court.

*Motion overruled.*