MERIDIAN COCA-COLA BOTTLING Co. *et al. v.* WATSON.

(Division A.   Dec. 14, 1931.   Suggestion of Error Overruled, May 16, 1932.)

[138 So. 407.   No. 29711.]

See, also, 134 So. 824.

**Gilbert & Cameron**, of Meridian, for appellants.

**Williamson & Clayton**, of Meridian, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment against two defendants. One of them filed an appeal bond, approved by the clerk of the court below, on the 5th day of September, 1931. There appears in the record, also, an appeal bond by the other defendant, but it has neither been marked "filed" nor approved by the clerk. A waiver of summons to answer the appeal, and also "the ten days allowed and provided by section 52 of the Code of 1930," was filed by the appellee. This waiver is dated the —— day of September, 1931, and is not marked "filed." We will assume, however, as counsel have, that it was signed and filed after the execution of the appeal bond, and before the convening of this court for its September term, on Monday, September 14, 1931. The record was filed with the clerk of this court on Thursday, the 10th day of September; and, if returnable to the first day of the present term, is due to be called, and has been published, for submission on Monday, December 14th.

An objection has been interposed by the appellants by motion to its being heard then; the reason assigned therefor being that the appeal was not returnable until the January rule day of this court, which is the first Monday of January, 1932.

The clerk of the court below failed to certify to this record, which fact will be here left out of view; as will also the fact that an appeal bond appears to have been filed by only one of the defendants against whom the judgment appealed from was rendered.

The return days for appeals and process in this court are the first days of each of its two terms; that is, the first Monday of September and the first Monday of March; "and such other day or days as may be designated by a rule or order of the court," section 3371 of the Code of 1930. By an order entered on its minutes, the court has designated the first Monday of January, the first Monday of May, and the first Monday of July, as such other return days.

Section 52 of the Code of 1930 requires a summons to answer an appeal to this court to be served on the appellee or his attorney at least ten days before the time when it is returnable. Under these statutes, appeals are returnable to the first return day after the filing of the appeal bond. Yazoo & M. V. R. Co. v. McCarley, 106 Miss. 92, 63 So. 335, and McAllister v. Richardson, 101 Miss. 132, 57 So. 547, that is, more than ten days therefrom, Society of New York Hospital v. Knox, 57 Miss. 600; Hicks Merc. Co. v. Musgrove, 108 Miss. 776, 67 So. 213. Less than ten days intervened here between the filing of the appeal bond and the first day of the September term of this court; consequently, the appeal was not returnable until the January return day.

The waiver of process filed by the appellees dispenses, of course, with service thereof, but does not have the effect of changing the return day of the appeal. Its effect, in this connection, is the same as, and no more than, would have been the effect of service of process on the appellees or their counsel on the day the waiver was filed.

It follows from the foregoing views that this case was not subject to call for submission until after the January return day. It will, therefore, be passed, and will

be set for the first call of the docket by this division in February.

Nothing herein said is meant to indicate that the clerk of the court from which an appeal comes should wait until the return day to file the record in this court. On the contrary, section 55, Code of 1930, contemplates that he shall make up and file the record in this court immediately after ''the appellant shall have complied with the law applicable to his appeal.'' Grand Court of Calanthe v. Baskin, 108 Miss. 752, 67 So. 210. He is not in default, however, until the return day passes without the record being filed in this court.

We commend the diligence displayed in this case by the clerk of the court below.

Motion sustained, and case passed to first call by Division A in February.