## VAIL *v.* CITY OF JACKSON.

In Banc. April 25, 1949; June 13, 1949.

(40 So. (2d) 151; 41 So. (2d) 357)

300

**E. W. Stennett, H. V. Watkins,** and **Tom H. Watkins,** for the Motion.

302

W. E. Gore and Ney M. Gore, contra.

304

W. E. Gore and Ney M. Gore, for appellant, Vail.

306

**E. L. Shelton,** for appellant, Greaves.

312

E. W. Stennett, H. V. Watkins and Tom H. Watkins, for appellee.

314

On the Motion to Advance.

**Montgomery, J.**

On January 19, 1949, the City Council of the City of Jackson passed an ordinance extending the city limits so as to annex some twelve square miles of additional area immediately adjacent to the present city limits. Kelly Vail prosecuted an appeal to the Circuit Court of Hinds County and was later joined in his appeal by Elmore D. Greaves.

There was a jury and verdict in the Circuit Court upholding the reasonableness of the ordinance, and from the judgment of that Court the case has been brought here on appeal. However, the case is not before us now on the merits. The City of Jackson has filed a motion to advance and it is now before us only on that motion.

An appeal bond was filed in the Circuit Court by Elmore D. Greaves on March 22, 1949, and two days later an appeal bond was filed by Kelly Vail.

The City of Jackson contends that the appeal in this matter is returnable before this Court forthwith under the provisions of Section 1956 of the Code of 1942, which reads as follows: "Appeals from judgments against persons deprived of their liberty in cases of habeas cor-

pus, and from judgment on informations in the nature of quo warranto to try the right to a public office, whether state, district, county, or municipal, and in actions of mandamus where the public interest is concerned, and in cases at law or in chancery involving taxes claimed by the state, county, or municipality, may be returnable before the Supreme Court immediately, without reference to the return-days for other appeals; and when the transcript of the record of the case shall be filed in the office of the clerk of the Supreme Court, the appellee having been summoned to appear and answer the appeal, ten days after service of the summons on him or his attorney, the court shall consider such cases as entitled to be heard without regard to the district from which they are brought, and in preference to all civil cases, and they shall be heard and disposed of with all convenient speed.''

The appeal does not involve any ordinance levying a tax against the land within the boundaries as extended, nor does it involve any ''taxes claimed'' by the municipality, as provided in the above-mentioned statute. Hence the appeal is not returnable forthwith, but is returnable as any other case except those specifically provided for in the above cited statute.

The City of Jackson further argues that the Court may, in its discretion, advance this cause.

Section 1942, of the Code of 1942, provides that the terms of this Court shall be held on the second Monday of September and on the first Monday of March in each year. Section 1955 provides that the return-days for appeal shall be the first day of each term and such other day or days as may be designated by a rule or order of Court, except in cases in which an appeal is provided for at any time during the term of the Court.

Rule 35 of this Court provides that except as may be otherwise provided by law, the first day of each term and the first Monday of January, May, and July shall be the

return-days for all appeals and all processes in civil cases.

Except in the cases specifically provided for by Section 1956, Code 1942, the return-days for appeals in this Court are the first Monday of January, the first Monday of March, the first Monday of May, the first Monday of July, and the second Monday of September.

We held in Meridian Coca-Cola Bottling Co. v. Watson, 163 Miss. 486, 138 So. 407, that under our statutes appeals are returnable to the first return-day after the filing of the appeal bond, that is, more than ten days therefrom. See also Weir v. Killian, 59 Miss. 520. Since the appeal bond was filed by Elmore D. Greaves on the 22d day of March and by Kelly Vail on the 24th day of March, the appeal is returnable to the first day of May. The motion does not seek the advancement of the case to a time which is prior to the return-day of the appeal.

The motion to advance is based upon the contention that the questions involved on the merits of the case are of great public interest. It is charged that the area attempted to be added to the City constitutes densely populated, residential, and commercial area immediately adjacent to the present city limits, all of which said areas and the inhabitants thereof are urgently in need of the benefits which will be derived from the annexation of said areas within the City of Jackson, such as police protection, fire protection, lower fire insurance rates, garbage collection, bus service, school facilities, water, pest control, and city building inspection, sanitary sewage, and other benefits. It is alleged that approximately 35,000 people reside in the area proposed to be annexed.

It is necessary that the city and county officers learn as early as possible whether or not the area is to be assessed as within or without the city limits; that the proper school boards be advised in order that they may make the proper contracts with teachers and for the operations of schools; and that the city should be advised in order that it may determine whether or not to purchase neces-

sary additional fire equipment and other municipal facilities to provide services to this additional area.

It is inescapable that questions are involved here that will embarrass the operations of both the city and the county government, unless disposed of, and that there is a public as well as a governmental need for these questions to be determined at the earliest convenient time.

Counsel for Vail argues that this Court has no power or authority to advance any case on the docket except those expressly provided for in Section 1956, Code of 1942, and cites Jackson Loan & Trust Co. v. State, 96 Miss. 347, 54 So. 157, in support of his position. But that decision was based on a construction of Section 4902, Code of 1906, limiting the power of the Court to hear a case from a district not then on call, and that Statute, Section 4902, Code of 1906, was repealed by Chapter 163, Laws of 1916. The Court no longer hears cases by districts, and the limitation of the statute, Section 4902, Code of 1906, no longer exists. Hence Jackson Loan & Trust Co. v. State, supra, is not now in point.

 This Court now has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, especially in cases of extraordinary public moment. It is true that the individual may be required to submit to a slight delay in order to permit the advancement of this cause, but this delay is not immoderate in extent and not impressive in its consequences. The public welfare and convenience will be thereby promoted, and the right of the individual must yield to this extent. Landis v. North American Company, 299 U. S. 248, 57 S. Ct. 163, 81 L. Ed. 153; Weston v. Hancock County, 98 Miss. 800, 54 So. 307.

It is the judgement of the Court that the motion to advance should be and it is hereby sustained and the case is set for hearing on the 23d day of May, 1949. The appellants shall filed their briefs on or before May 10, 1949.

The reply brief for the city shall be filed on or before May 18, 1949.

Motion Sustained.

On the Merits.

Montgomery, J.

On January 19, 1949, the City Council of the City of Jackson passed an ordinance entitled "An Ordinance Enlarging the Boundary of the City of Jackson, Mississippi, and Describing the Land added thereto". The ordinance was published in the Jackson Daily News on January 21, January 28, and February 4, 1949.

On February 17, 1949, appellant Kelly Vail appealed from said ordinance. The February, 1949, term of the Circuit Court of the First Judicial District of Hinds County, in which the City of Jackson is situated, convened on February 21, 1949. On that date the record on appeal was filed in said Court. On March 8, 1949, the appellant Greaves joined in the appeal of Kelly Vail in said cause. The issue of the reasonableness of the ordinance was submitted to a jury and the jury found in favor of its reasonableness. A judgment was entered by the Circuit Court of the First Judicial District of Hinds County adjudicating the ordinance to be reasonable and that said ordinance should go into effect within 10 days from the date of said judgment. From this judgment, Vail and Greaves both appeal.

The assignment of error assigned some fifty-five separate grounds of error in the proceedings in the lower court. However, only some eleven of these have been argued by the appellants in their respective briefs, and under the rule in this state assignments of error not argued in appellant's brief are waived and will not be considered by the Court. Willie McGee v. State of Mississippi, 40 So. (2d) 160, not yet reported in State Reports.

The first assignment of error argued is that the court erred in overruling appellants' plea challenging the legal sufficiency of the ordinance. Their plea raised a number of legal questions, only two of which however, were in any manner touched upon in their respective briefs. We will limit our discussion to these two grounds challenging the legal sufficiency of the ordinance. The first of these challenges urged by the appellants appears in the appellants' plea as follows: "Two state institutions, the Blind Institute, and the Institute for the Deaf, with grounds and buildings appurtenant thereto, are located within the territory proposed to be annexed to the City of Jackson, and the ordinance is void for failure to recite and adjudicate that the governing authorities, and the State of Mississippi, having under their jurisdiction and direction the management of said institutions, have given their consent to the incorporation of said institutions within the proposed annexed territory."

This challenge presents two propositions: (1) The existence of two state institutions, namely the Blind Institute and the Institute for the Deaf within the territory proposed to be annexed, and (2) said institutions so existing the ordinance is void for failure to adjudicate that the governing authorities of said institutions have given their consent to the incorporation thereof within the proposed annexed territory. The other challenge to the validity of the ordinance is as follows: "No valid consent has, in fact, been given by the authorities mentioned in the next preceding paragraph, as set forth therein." This challenge also presupposes the existence of the said institutions within the territory proposed to be annexed.

These questions are raised under the provision of Section 3383 of the Mississippi Code of 1942: "Section 3383. Municipalities may not incorporate state institutions without consent.—No municipality shall hereafter change its boundaries so as to include within the limits of such municipality any of the buildings or grounds of any state institution unless and until consent thereto shall have

first been obtained in writing from the board of trustees of such institution, or such other governing board or body as may hereafter be created for the control of such institution, provided that any ordinance enlarging the boundaries of any municipality which does not comply with this statute shall be void and of no effect.''

Chapter 488 of the Laws of 1948, under Section 2 thereof, divested the title to the old asylum grounds out of the Mineral Lease Commission and into the State Building Commission, and Chapter 302 of the Laws of 1948 authorized the Building Commission to select not exceeding 200 acres of said land and to thereon construct, erect, and equip suitable plants for the use and housing of the Mississippi School for the Blind and the Mississippi School for the Deaf.

Section 2 of said Act provides that immediately after the new building and plants for said institution shall have been constructed on the properties designated therefor and made ready for occupancy the land selected out of the old insane hospital property for the use and housing of the School for the Blind and the School for the Deaf shall be conveyed to the Board of Trustees of the Mississippi School for the Blind and the Mississippi School for the Deaf for use and occupancy of said institution.

After the time of the passage of the ordinance now before us, and even at the date of the trial in the lower court, the facilities for the Mississippi School for the Deaf and the Mississippi School for the Blind had not been completed, and consequently had not been conveyed to the respective schools by the Building Commission, and the respective institutions owned no property in the area sought to be included within the extended boundaries of the city. Let us also notice in passing that the present buildings and grounds belonging to and used by these respective institutions and the title to which is in them are already within the corporate limits of the City

of Jackson and are not situated in that area proposed to be added to the city under the extension ordinance.

This being the state of facts, and the title being beyond dispute in the State Building Commission, appelland Vail in his brief said, "We are not idiotic enough to assert that the State Building Commission is an institution, and we do not believe that the Legislature had little enough sense to entertain the idea that a city ordinance could incorporate a board, composed of men, in a city."

█ █ These challenges of the validity of the ordinance of extension were, as aforesaid, set up by plea and it became and was the duty of the parties so pleading said challenge to support same with preponderating evidence establishing the ground to be true in fact as stated in the plea. Here the facts upon which the plea is based have not been proved, but on the contrary it clearly appears beyond dispute that the two state institutions owned no property within the area proposed to be added to the city under the extension ordinance. █ █ Hence the subject matter of the plea was not established by the evidence and it follows that the proof does not show that said institutions owned any property in the area proposed to be added under the extension ordinance, and hence there was no reason why the ordinance of the city should contain an adjudication that the consent of the respective institutions through their governing authorities had been obtained.

It is further assigned as error by appellants and argued in their briefs that the court erred in overruling the motion to stay the proceedings until the May term of Court and erred in overruling the motion to continue the cause until the May term of Court.

Counsel take the position that this cause was not triable at the February 1949 Term of the Circuit Court on the theory that under Section 1519 of the Code of 1942 same could not have been triable unless "the defendant

has been personally served with process for thirty days before the return-date.''

Section 1519 is not applicable to an action such as this, appealed from the City Council to the Circuit Court under Section 3378 of the Mississippi Code of 1942. This procedure does not call for any service of process on the defendant. Section 3379 provides that the appeal from the ordinance shall be to the Circuit Court and shall be tried on an issue to be made up there. The entire purpose and intent of Section 3379 is for a speedy disposition of the appeal involving a municipal expansion. It should be noted that the statute limits the time for an appeal from the Circuit Court to the Supreme Court to ten days after judgment which is much shorter than the time allowed for any other appeal from the Circuit Court to the Supreme Court.

Section 1519 was intended to govern causes originally instituted in the Circuit Court with process issued out of said Court for the defendant. It has no application to appeals from a County Court to a Circuit Court nor to appeals such as the one herein involved. The learned trial judge in the lower court was eminently correct in his holding that the case was triable at the February 1949 Term of the Court.

It is also assigned as error and argued that the court erred in overruling the motion of appellant to compel the restoration of the exhibits withdrawn by the appellee in Cause No. 12,101, styled J. B. Sellers, et al. v. City of Jackson, and that the court erred in overruling the plea of res adjudicata. Counsel for appellants attempt to construe the provisions of Section 3379 of the Mississippi Code of 1942, as prohibiting the passage of any ordinance extending the city limits within a year after any ordinance attempting to extend the city limits has been found to be unreasonable. In our opinion the statute is perfectly clear. It provides as follows: ''Section 3379. Appeal shall be to circuit court.—The appeal from the ordinance shall be to the circuit court, and shall be tried

on an issue to be made up there, and the question shall be whether the proposed consolidation, extension, or contraction of the municipality or municipalities be or be not unreasonble. If the judgment of the court be that the ordinances of the ordinance is reasonable, the ordinances or ordinance shall go into effect within ten days after final judgment thereon, and ten days shall be allowed for an appeal to the Supreme Court. If judgment be in favor of the reasonableness of the ordinances or ordinance the party or parties taking the appeal from the ordinances or ordinance and the sureties on the appeal-bond, shall be adjudged to pay all cost, but if the said ordinances or ordinance shall be adjudged unreasonable the same shall be vacated, and the proposed consolidation, extension or contraction shall be stayed and prohibited for one year.''

It will be observed from a reading of this statute that ''the proposed . . . extension'' shall be prohibited for one year. The reason for this provision is obvious. It was to prevent the city from immediately passing an ordinance which had within one year been found to be unreasonable. The extension proposed under the ordinance involved in this case is in no way similar to the extension proposed under the ordinance of December, 1947, which was found to be unreasonable. In brief the ordinance involved in this case is not ''the proposed extension'' which was found to be unreasonable in Cause No. 12,101. The ordinance which was found to be unreasonable would have increased the size of the city by 197 percent from 15.6 square miles to 42.8 square miles, whereas the ordinance in the present case provides an expansion of only 88.9% which would increase the size of the city to only 27.2 square miles.

From an historical standpoint it is interesting to note that when this section first appeared in the Code of 1892 as Section 2913 thereof, it was provided that ''all ordinances proposing practically the same, shall be prohibited for one year.'' Section 2913 of the Code of 1892,

was amended by Chapter 103, of the Laws of 1902, so as to eliminate the above quoted portion of said Section 2913 of the Code of 1892 and substituting therefor "the proposed . . . extension . . . shall be stayed and prohibited for one year".

It is to be observed that this statute does not limit a city from including in a subsequent ordinance any part of the lands included in an ordinance previously declared invalid one year prior to such ordinance as is true in numerous other states.

The former ordinance which was declared to be unreasonable was not the "proposed extension" provided for in the ordinance now before us, and Section 3379 of the Mississippi Code of 1942, which we have set out in this opinion, does not in any way stay or prohibit the passage of the ordinance now before us.

Hence the plea of res adjudicata was not well founded and the motion to compel the restoration of exhibits, withdrawn by the appellee in Cause No. 12,101, styled J. B. Sellers, et al. v. City of Jackson, wherein it was held that the former ordinance of extension was unreasonable, was properly overruled by the trial court and there was no error in the action of the court in so doing.

It is further assigned as error and argued that the trial judge refused to give the appellants a fair and impartial trial as defined by the laws of this state and the United States. The assignment of error is taken only by the appellant Vail. It is significant to note that appellant Greaves makes no such charge against the trial judge. Appellant Vail made no such charge in his motion for a new trial or in any other form in the trial court. He now bases his contention on a few selected rulings of the court taken from a record which contains 1,004 pages and which consumed some eleven days in the trial court.

In view of this assignment of error we have carefully perused every word contained in the record, not only with reference to the particular incidents cited by counsel, but also as to the entire proceeding upon the trial

of this case in order to determine the truth as to whether or not any constitutional rights of the appellant Vail had been violated. ██ It is true that counsel was directed to refrain from delay and to get on with the trial, and the judge on occasion commented upon the excessive consumption of time, but at no time was counsel unduly restricted or his knowledge challenged or his motives impugned. There may have been one or two expressions of impatience with counsel, but these appear to have been warranted by the attitude of counsel in the matter then pending before the court. We mean by this no reflection upon the eminent counsel engaged in the trial of this case. He was performing his duty to his client as he saw it, and was clearly within his legal rights. Nevertheless, there was delay and the docket of the court was crowded. There was no prejudicial impropriety in any of the remarks or comments by the court at any time, regardless of the impatience which the court in some few instances probably felt, though the remarks of the court do not necessarily disclose any feeling of impatience which it may have felt. But counsel in his brief says that ''a cold record rarely reflects the heat of a situation'', and it is in the light of this statement in the brief of counsel for appellant that we have referred to the incidents in this opinion.

Volume 64 C. J. at page 92, states the rule as follows: ''Counsel may properly be directed to refrain from delay, or to get on with the trial, or the judge may comment upon a waste or excessive consumption of time in the trial so long as counsel is not unduly restricted or his knowledge challenged, or his motives impugned; and remarks expressing impatience with counsel, even though perhaps unwarranted, are not fatal where not such as to cause material prejudice. Ordinarily counsel may not complain of slight or not seriously prejudicial impropriety in remarks or comments by the court where they are provoked by himself.'' A careful reading of this entire record impresses us with the entire absence of any

undue restrictions placed by the trial judge upon the acts of counsel for appellant in the trial of the case in the lower court. Causes should not be unfairly prejudiced or unduly delayed through unfound charges of prejudice or unfairness against a judge.

██ ██ Counsel for appellant Vail complains because the trial court did not grant every delay requested and because the trial court did not grant a continuance of the cause to the next term of the court. This record shows that counsel for appellant Vail was employed on February 17, 1949, after the passage of the ordinance in question on January 19, 1949. The appeal was perfected from the ordinance on the date of the employment of counsel, to wit: February 17, 1949. An order was entered in the circuit court on February 24, 1949, directing counsel for appellant Vail to tender his issues in the cause on March 8, 1949, and setting the cause for trial on its merits for March 14th. The appellant Vail had from January 19th to March 14th to obtain any information which he desired to prepare for trial. He testified that he had made no attempt whatsoever to gain any of the information which was made the basis for request for delays and continuances during the trial. He testified that he sought no information from the records of the city and made no request of the city officials or employees for information. His testimony disclosed that he made no effort to obtain information from the records of the city. Instead of filing his preliminary motions and request for information between February 21st and March 8th, counsel for Vail waited until March 8th, the date on which he was supposed to tender issue, and then filed, one at a time, a list of motions seeking information which had been available to his client at all times since January 19th and which had been available to his counsel at all times since February 17th. We do not detail these incidents as any reflection whatever upon counsel, but as circumstances which demonstrate that he was by the court allowed ample time in the trial of the case, and

that no constitutional right was invaded by any action of the trial judge.

We now have before us the completed record of the trial. It affords a complete picture of all of the bickerings and the struggles incident thereto. On the basis of this completed picture as a whole, it appears that the trial judge accorded to the appellants and each of them the full measure of their rights, and that no constitutional right of the appellants had been invaded.

There are other assignments of error in the record which have been argued in the brief of counsel, but in our judgment they contain no merit and we do not feel justified in prolonging this opinion by a discussion of them. We are satisfied that there is no error in the judgment of the lower court, and that the judgment of the lower court should be affirmed.

Affirmed.