KOEHRING COMPANY *v.* HYDE CONSTRUCTION CO., INC.

No. 43571 October 4, 1965 178 So. 2d 857

*Butler, Snow, O'Mara, Stevens & Cannada, Roger C. Landrum,* Jackson; *William A. Denny,* Milwaukee, Wis., for appellant.

*Cox, Dunn & Clark,* Jackson, for appellee.

Smith, J.

This is a companion case to No. 43,572 on the docket of this Court, also styled Koehring Company, (Miss.), 178 So. 2d 838. Appellant, v. Hyde Construction Company, Appellee. This Court today has affirmed (as revised) a decree of the Chancery Court of Hinds County awarding damages to Hyde against Koehring.

Before filing this suit in the Hinds County Chancery Court, Hyde had filed suit against Koehring, upon the identical cause of action, in the United States District Court for the Southern District of Mississippi, and after a series of intermediate events, that case was still pending in the United States District Court for the Northern District of Oklahoma, to which it had been transferred.

Koehring obtained a restraining order from the Oklahoma Federal Court directing Hyde to refrain from proceeding with the chancery court case. Notwithstanding the restraining order (there was a question as to whether the same was effectively served or not), the case was tried in the chancery court, and the final decree referred to above was entered awarding damages to Hyde.

Koehring had filed a counterclaim against Hyde in the case pending in the Oklahoma Federal Court and had initiated some steps directed toward bringing that case to trial. Whereupon, Hyde applied to the Chancery Court of Hinds County for an injunction restraining Koehring from proceeding with the federal court case. A temporary injunction in accordance with the prayer of Hyde's bill was issued and a motion to dissolve was overruled so that the injunction became permanent, re-

straining Koehring from proceeding in the United States District Court in Oklahoma.

The sole question presented on this appeal is whether the state court, in this case the Chancery Court of Hinds County, had power to enjoin a litigant from proceeding in a United States District Court, in this case the United States District Court for the Northern District of Oklahoma, upon the ground that the state court had previously adjudicated the same cause of action between the same parties and the same was res judicata.

The question was settled by the United States Supreme Court in Donovan v. City of Dallas, 377 U. S. 408, 411, 412, 413, 414, 84 Sup. Ct. 1579, 1582, 1583, 12 L. Ed. 2d 409, 413, 414 (1964). The Supreme Court of the United States said in 377 U. S. at 411-412, 84 Sup. Ct. at 1582, 12 L. Ed. 2d at 413:

"We think the Texas Court of Civil Appeals was right in its first holding that it was without power to enjoin these litigants from prosecuting their federal-court action, and we therefore reverse the State Supreme Court's judgment upsetting that of the Court of Appeals. We vacate the later contempt judgment of the Court of Civil Appeals, which rested on the mistaken belief that the writ prohibiting litigation by the federal plaintiffs was 'valid.' . . ."

The Court also said in 377 U. S. at 413, 414, 84 Sup. Ct. at 1583, 12 L. Ed. 2d at 414:

"Petitioners being properly in the federal court had a right granted by Congress to have the court decide the issues they presented, and to appeal to the Court of Appeals from the District Court's dismissal. They have been punished both for prosecuting their federal-court case and for appealing it. They dismissed their appeal because of threats to punish them more if they did not do so. The legal effect of such coerced dismissal on their appeal is not now before us, but the propriety of a state court's punishment of a federal-

court litigant for pursuing his right to federal-court remedies is. That right was granted by Congress and cannot be taken away by the State. The Texas courts were without power to take away this federal right by contempt proceedings or otherwise.''

In the Donovan case, the court held that, even though a state court has rendered a decision on certain issues, the state court cannot, in a subsequent proceeding before it, adjudicate that its prior decision is *res judicata* so as to preclude a party to the prior decision from asserting the same issues in a Federal Court proceeding.

The Court said in 377 U. S. at 412, 84 Sup. Ct. at 1582, 12 L. Ed. 2d at 413:

". . . And whether or not a plea of res judicata in the second suit would be good is a question for the federal court to decide. . . ."

 The Chancery Court of Hinds County was without power to issue the injunction under the rule announced in the Donovan case. For that reason the decree of the Chancery Court of Hinds County issuing the injunction restraining Koehring from proceeding with the federal court suit is reversed and the injunction is dissolved.

Reversed and judgment here for appellant.

All Justices concur.

ON APPELLANT'S MOTION TO ADVANCE

Lee, C. J.:

This is not a primary election dispute. It does not fall within the category of cases entitled, under Mississippi Code Annotated section 1956 (1957), or any other statute, to advancement. Neither can it be classified as a controversy, which presents the application of the principle announced in Vail v. City of Jackson, 206 Miss. 299, 40 So. 2d 151, 41 So. 2d 357 (1949), and the cases which follow it.

680

Consequently the motion to advance is overruled.

Overruled.

*Ethridge, Rodgers, Jones and Patterson, JJ.,* concur.