GILLESPIE, Presiding Justice:
Mrs. Julia B. Fant (Complainant) filed a bill of complaint against Standard Oil Company (Defendant) to cancel as a cloud on her title the claim of defendant to certain real estate.
W. G. Hunter acquired title to Lots 4, 5 ánd 7 of Square 24, City of Columbus, Mississippi, in 1947. Hunter is the source of title of - complainant and defendant. Hunter constructed on Lot 7 a building which encroached on Lots 4 and 5, which lie south of Lot 7, a distance of 8.1 feet. The water and sewer lines serving the building on Lot 7 ran across part of Lots 4 and 5.
About the same time W. G. Hunter constructed a service station on a portion of Lots 4 and 5. On January 22, 1948, Hunter deeded Lot 7 to Joe L. Fant, complainant’s predecessor in title. On January 8, 1949, Hunter conveyed to A. T. Howard, defendant’s predecessor in title, Lots 4 and 5 on which the service station is located. Complainant and her predecessor in title have leased the building situated mainly on Lot 7 to various tenants up to the present time, all of whom have made use of the entire building. The lessees of defendant and its predecessors in title operated the service station from the date of its construction to the present time.
After a full hearing, the chancellor entered a decree cancelling the claim of defendant to that part of Lots 4 and 5 on which complainant’s building encroaches, plus an additional foot to include the *133 foundation of the building. Thus, the decree cancelled the claim of defendant to an area described therein extending 9.1 feet south of the south line of Lot 7.
Complainant demanded damages resulting from the cutting of certain sewer and water lines. The defendant undertook to excavate a part of Lots 4 and 5 and in doing so cut the water and sewer lines, resulting in interruption of services to the tenants in complainant’s building. It required an outlay of $311.66 on the part of complainant to establish new water and sewer connections.
The first assignment of error is based on the contention that there was a mutual mistake in the deed from W. G. Hunter to Joe L. Fant, complainant’s predecessor in title. We are of the opinion that there was ample evidence for the chancellor to find that there was no mutual mistake in the aforesaid deed, and we are unable to say that the chancellor was manifestly wrong in this respect.
Complainant next contends that the chancellor erred in failing to award the complainant damages sustained when defendant made certain excavations and severed the water and sewer lines to complainant’s building. The only way complainant could have obtained an easement for the maintenance of these utility lines was by prescription. There is no proof that anyone knew of the existence of these sewer and water lines across defendant’s property. Therefore no prescription rights could be acquired because the use was not open or visible and was unknown to defendant and its predecessors in title. Berry v. Houston, 195 So.2d 515 (Miss.1967).
The third assignment of error involves a four foot flower bed south of the south wall of complainant’s building. It is contended on the part of complainant that all of the proof shows that this flower bed was maintained by tenants of complainant and her predecessors in title. One of the surveyors showed the existence of a flower bed south of the building. Some of the tenants of the complainant maintained flower beds south of the building, but it was not conclusive that the tenants were claiming the strip of land on behalf of their landlord, the complainant. The proof did not establish the length of time this flower bed was maintained. The chancellor was justified in rejecting complainant’s contention in this regard.
Complainant next assigns as error the failure of the trial court to find that complainant had acquired the right of occupancy by adverse possession of a twenty foot parking area on Lots 4 and 5 south of the complainant’s building. A great deal of testimony was offered in connection with the use of an area approximately twenty feet north and south lying to the south of the complainant’s building. There is no question but that the complainant’s tenants used this parking area from time to time, but the chancellor was fully justified in finding that the tenants of defendant and its predecessors in title also used this area for parking. Therefore, the use was joint and not exclusive. On this issue the most that can be said is that the testimony is conflicting, and we cannot say that the chancellor was manifestly wrong.
Finally, complainant assigns as error the taxing of costs against the complainant in this case. It is argued that since a strip of land on which complainant’s building is situated, and to which defendant had record title, was adjudged to be the property of complainant and defendant’s title thereto cancelled, it was error to assess all of the costs to the complainant. Section 1583, Mississippi Code 1942 Annotated (1956), provides that “the chancery court shall have power to decree that either party shall pay the costs of any suit in equity, or that the same may be divided as may appear to be equitable.”
In Griffith, Mississippi Chancery Practice (2d ed. 1950), Section 628, page *134 683, it is said that the costs in an equity suit does not follow the result of the case as a matter of right but are awarded according to what, in the sound discretion of the court, is deemed fair and just under all the circumstances of the case. Defendant was not claiming title to complainant’s building, and complainant had the peaceable use thereof without interference from the defendant. The real controversy involved the area south of the building. We are unable to say that the chancellor abused his discretion in taxing the costs.
After this case was filed in this Court, Mrs. Fant died, and the suit was revived in the name of her executor.
We find no reversible error, and the decree of the chancellor is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.