PRATHER, Justice,
for the Court:
ON MOTION TO RE-TAX OR CLARIFY COSTS
The question presented by this motion is whether an unsuccessful party is liable for payment of unnecessary court costs on appeal, and charges in excess of the statutory limits. Finding merit in the motion, we address these issues.
I.
The opinion in this case was rendered on December 12, 1984 (461 So.2d 730) reversing the opinion of the chancery court and reinstating the decision of Board of Trustees of the Hattiesburg Municipal Separate School District, appellant, against Peggy G. Gates, appellee. In the mandate of this Court, the appellee Gates was ordered to pay all of the appeal costs. The total court costs asserted by appellant to be due are:
(1) Mississippi Supreme Court Piling Fee 50.00
(2) Chancery Court Costs 129.40
(3) Appeal Costs 200.00
(4) Appeal Bond Premium 863.00
(5) Proceedings of the hearing (transcript fee) 2,313.50
and (appearance fee) 600.00
TOTAL $4,155.90
Appellant Board has demanded from appel-lee Gates repayment of all of the above appeal costs advanced by the Board. Miss. Code Ann. § 37-9-111(3) (Supp.1984). Appellant contends all costs of the school board hearing transcript, the chancery court costs, and the Supreme Court appeal costs, including appeal bond premium shall be assessed as court costs and that appel-lee is liable therefor.
Appellee, Peggy Gates, responded and objected generally to assessment of any costs against her, but specifically objects to the appeal bond costs of $863.00. Her position is that the school district, as an agent of the state, is exempt from giving an appeal bond, and asserts that she should not be held liable for frivolous or unnecessary expenses.
II.
We address two specific items on this motion to clarify, (A.) the transcript of the school board hearing, including an “appearance fee” and (B.) the premium paid for a surety bond by a school board.
*218 (A.) Miss.Code Ann. § 37-9-111(3) provides that the school board shall cause to be made stenographic notes of the non-reemployment hearing. In the event of a judicial appeal of the board’s decision, the entire expense of the transcript and notes for such hearing shall be assessed as court costs.
The official court reporter for the courts of record of this state are paid an annual salary and in addition are paid for the transcript on appeal cases. Presently the fee for an original and one copy of the transcript of an appeal case is statutorily set at the sum of $2.00 per page. Miss. Code Ann. § 9-13-33(6) (1984 Supp.) (effective from and after July 1, 1982). However, in August, 1981, when this transcript was prepared, the charge for official court reporters was fixed at twenty-five cents per one hundred words. No “appearance fee” is provided, and the statute specifically states that “no other fee shall be allowed for this part of the record.” Miss.Code Ann. § 9-13-33 (1972).
The term “official court reporter” includes the reporters regularly employed by the courts of record and the Mississippi Public Service Commission. Miss.Code Ann. § 9-13-33(7) (1984 Supp.)
In the ease before us, the record reflects that the non-reemployment hearing before the school board’s hearing officer was transcribed by a “Professional Court Reporter” or a freelance reporter, not an official court reporter. The charge to the school board by the freelance reporter was $2,313.50 for the transcript fee and $600.00 for an “appearance fee,” totaling $2,913.50 for 965 pages of transcript.
The question then arises as to whether the freelance reporter is limited to the same schedule of fees as an official court reporter. Initially, this Court notes that the official court reporter is paid an annual salary to be available for the court whether a record is transcribed for appeal or not. The stenographic machines and supplies are provided by the counties that are served by the official reporters, whereas the freelance reporters provide their own equipment and supplies.
On the other hand, the question arises as to whether there is any limit to the charge made by a freelance reporter whose work becomes a part of a court proceeding. Is the litigant entitled to have his liability for court costs restrained to reasonable limits in this day when all court personnel are concerned with cost of litigation?
This Court holds that the only answer to this question is found in the statute. The legislature has set the fees which litigants are charged, and those fees must be the same whether charged by official court reporters or freelance reporters.
This Court therefore remands this cause to the Clerk of the Chancery Court of Forrest County for authentication of the cost bill in accordance with the statutes. The transcript cost was limited to $.25 per one hundred words at the time of this hearing, and there is no provision for an appearance fee. Even though the board has prepaid the statement submitted by the freelance reporter, the proper charge to this litigant is statutorily set and limited thereby. Cf. U.S. v. Pommerening, 500 F.2d 92, (10th Cir.), cert. denied, 419 U.S. 1088, 95 S.Ct. 678, 42 L.Ed.2d 680 (1974), rehearing denied, 420 U.S. 939, 95 S.Ct. 1151, 43 L.Ed.2d 417 (1975) (items to be taxed as costs under 28 U.S.C. § 1920 must be within express language of statute). The term “entire expense” of section 37-9-111(3) is construed to mean entire expense as provided in the statutes.
(B.) The next question concerns the payment of a $863.00 premium by the school board for a surety appeal bond. Mrs. Gates challenges this expenditure by the board.
Miss.Code Ann. § 11-51-101 (Supp.1984) provides that “the state, and any county, city, town, or village,” and other enumerated institutions, shall be entitled to appeal from a judgment without giving an appeal bond.
Following that statutory authority this Court has held that a county board of *219 education is an agency of the state and of the county within the purview of the above section 11-51-101, and as such, is entitled to appeal without giving an appeal bond. Mound Bayou v. Collins Const. Co., 457 So.2d 337 (Miss.1984); County Board of Education v. Smith, 239 Miss. 53, 114 So.2d 613 (1959).
In Harrell v. City of Jackson, 229 Miss. 815, 92 So.2d 240 (1957) this Court reviewed the statutory creation of municipal separate school districts and concluded that municipal separate school districts were agencies of the state.
Following this reasoning, this Court concludes that, within the purview of Miss. Code Ann. § 11-51-101, municipal separate school districts are agencies of the state and that as such are exempt from giving an appeal bond.
Having determined that the board here was not required by statute to secure an appeal bond, the next inquiry arises as to whether its voluntary election to incur this expense should be charged to the ap-pellee.
This Court concludes that the surety bond premium for an appeal bond should not be charged to appellee as it was superfluous and unnecessary in this case.
This Court therefore directs that the chancery clerk not charge the appellee Gates with this expense as a part of the court costs, but the school board shall bear this expense.
III.
The motion to retax cost and clarify same is granted, and the matter of reassessment of the court costs of the portion relating to the transcript of the school board hearing is remanded to the clerk of the chancery court for authentication and recalculation in accordance with the statutes and this opinion. Upon recalculation by the chancery clerk, a revised cost bill shall be submitted to appellee Gates for her payment of the proper costs of the chancery court for that court’s reimbursement to the school board.
MOTION GRANTED AND CAUSE REMANDED TO CHANCERY CLERK, FORREST COUNTY, FOR RETAXING OF COSTS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., not participating.