# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-IA-00456-SCT

*GREENVILLE PUBLIC SCHOOL DISTRICT*

*v.*

*YOLANDA THOMAS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/2021 |
| TRIAL JUDGE: | HON. BENNIE LE NARD RICHARD |
| TRIAL COURT ATTORNEYS: | LISA M. ROSS |
| | DORIAN E. TURNER |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DORIAN E. TURNER |
| ATTORNEY FOR APPELLEE: | LISA M. ROSS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED AND REMANDED - 12/08/2022 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1. This appeal comes before the Court on interlocutory appeal involving statutory interpretation. The Greenville Public School District ("GPSD") challenges the sufficiency of the bond amount that Yolanda Thomas posted to perfect her appeal pursuant to the requirements of Mississippi Code Section 37-9-113 (Rev. 2019). GPSD argues that, pursuant to Section 37-9-113, Thomas is required to post bond in an amount equal to the full cost of the hearing transcript. The chancellor ruled that, based on the language of Section 37-9-113 and Mississippi Code Section 37-9-111 (Rev. 2019), Thomas's $200 bond was

sufficient to perfect her appeal in the Washington County Chancery Court. This Court affirms the chancellor's decision.

## FACTS AND PROCEDURAL HISTORY

¶2. GPSD opted not to renew the employment of middle-school principal Yolanda Thomas. Thomas unsuccessfully contested nonrenewal through the statutory process, which included a hearing before the school board. *See* Miss. Code Ann.§ 37-9-109 to -111 (Rev. 2019).

¶3. Following the hearing on June 9, 2020, GPSD and Thomas's counsel discussed the bond amount required by Section 37-9-113(2) necessary to perfect an appeal of GPSD's decision to nonrenew Thomas's employment. GPSD argued that Thomas had to post bond in an amount sufficient to cover the costs of the hearing transcript, which totaled $7,717.90. Thomas disagreed. The parties could not come to an agreement as to what would be a sufficient bond amount.

¶4. On July 20, 2020, Thomas filed a timely notice of appeal from the school board's decision, along with a $200 cash appeal bond, in the Chancery Court of Washington County. Thomas subsequently filed a motion in which she sought a ruling from the chancellor that, pursuant to Section 37-9-113, her $200 cash bond perfected the appeal. GPSD filed a Response in Opposition, along with a Motion to File Correct Bond, or Alternatively, Dismiss Appeal. As summarized by the chancery court, GPSD maintained "that the clear language of [Section] 37-9-113(2) and [Section] 37-9-111(4) establishes that the correct amount of the appeal bond in this nonrenewal appeal is the cost of preparing the hearing transcript, which

in this case is $7,717.90." GPSD argued that the appeal should "be dismissed for lack of jurisdiction if [Thomas did] not file an appeal bond in said amount."

¶5.     After a hearing, the chancellor entered an order holding that Thomas's $200 appeal bond was adequate to perfect her appeal. The chancellor found that the cost of preparing the transcript was not *per se* included in the cost of the appeal bond. The chancellor reasoned that

> In light of the legislature's contrasting word choice in applicable statutes ("cost of appeal" vs. "court costs") and the absence of *stare decisis* on the narrow issue presented, the Court exercises its discretion in favor of access to the courts. . . . the Court intends to allow a case-by-case assessment of what is a reasonable appeal bond (where the parties cannot agree) which will include but is not limited to, the financial ability of the appellant, the expense of the transcript, other known costs of appeal and/or court costs, and/or any other relevant factors."

(Footnote omitted.) This Court granted the school district's request for interlocutory appeal to address this issue.

### ISSUES PRESENTED

I.      Whether the chancellor erred in his interpretation of the statutory requirements for the cost of a judicial appeal under Section 37-9-113.

II.     Whether the chancellor erred by determining that $200 was a sufficient bond amount in this appeal.

### STANDARD OF REVIEW

¶6.     This Court employs a de novo standard of review for questions of law, jurisdictional questions and issues of statutory interpretation. *Aladdin Constr. Co. v. John Hancock Life Ins. Co.*, 914 So. 2d 169, 174 (Miss. 2005); *Finn v. State*, 978 So. 2d 1270, 1272 (Miss. 2008).

3

# DISCUSSION

### I.  Whether the chancellor erred in his interpretation of the statutory requirements for the cost of a judicial appeal under Section 37-9-113.

¶7.  Section 37-9-111(4) states that "[t]he board shall cause to be made stenographic notes of the proceedings. In the event of a judicial appeal of the board's decision, the entire expense of the transcript and notes shall be assessed as court costs." Miss. Code Ann. § 37-9-111(4) (Rev. 2019).

¶8.  Section 37-9-113 allows an employee aggrieved by a final decision of a school board to appeal the decision of the board.  It states in relevant part that

> An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.

Miss. Code Ann. § 37-9-113(2) (Rev. 2019).

¶9.   GPSD contends that it is a "bedrock principal" of Mississippi statutes that the appellant must prepay appeal costs, which it claims is equivalent to the cost of the transcript. To support its argument, GPSD relies on language from Section 37-9-113(2) that provides for bond conditioned upon the payment of all costs of appeal.  We decline to adopt this interpretation of the statute because the statute plainly does not require Thomas to prepay all costs of appeal. *Miss. State & Sch. Emps.' Life & Health Plan v. KCC, Inc.*, 108 So. 3d 932, 936 (Miss. 2013) ("When the language used by the legislature is plain and unambiguous. . . and where the statute conveys a clear and definite meaning. . . the Court will

4

have no occasion to resort to the rules of statutory interpretation." (alterations in original) (internal quotation marks omitted) (quoting *Miss. Ethics Comm'n v. Grisham*, 957 So. 2d 997, 1001 (Miss. 2007))).  Thomas's right to appeal was created by the legislature and is governed by the specific language of the statute.   Section 37-9-113(2) merely allows for a bond in an amount that is "conditioned" on the "payment of all of the costs of appeal[.]"  The very definition of the word condition refers to a future event.  *Condition*, Black's Law Dictionary (11th ed. 2019) ("A future and uncertain event on which the existence or extent of an obligation or liability depends[.]").   This Court finds that GPSD's suggested interpretation of Section 37-9-113(2), which would require Thomas's payment of the cost of appeal prior to or at the time of posting bond, is incorrect.  GPSD does not point to any other statutory language that would plainly require Thomas to prepay all court costs or costs of appeal.

¶10.    GPSD argues that a $200 bond is insufficient to perfect an appeal when the cost of the transcript is more than $200.  GPSD relies on *Shope v. Winklemann* to support its argument that "[n]ot only is the payment of costs a requirement; it is jurisdictional."  *Shope v. Winkelmann*, 328 So. 3d 641, 644 (Miss. 2021) (citing *Belmont Holding, LLC v. Davis Monuments, LLC*, 253 So. 3d 323, 328 (Miss. 2018)). Thomas argues that *Shope* is not applicable to this Court's review because this Court has never held that all costs of appeal must be paid before a chancery court has jurisdiction to review a school board's decision.

¶11.    *Shope* is distinguishable from the present case because it addressed a different type of appeal under different rules.  *Id.* at 643-44.  *Shope* was an appeal from a county court to

a circuit court in a medical malpractice case controlled by the Mississippi Rules of Appellate Procedure and Mississippi Code Section 11-51-29 (Rev. 2019). Thomas appeals a decision of a school board for nonrenewal of her employment, perfection of which is controlled by Section 37-9-113. The Court in *Shope* did not consider the statutes at issue in this case.

¶12. Thomas relies on the procedural history of *Board of Trustees of Hattiesburg Municipal Separate School District v. Gates*, to support her argument that the assessment of costs occurs "at the end of the proceedings - not prior to the chancellor's review of the school board's decision." *See Bd. of Trs. of Hattiesburg Mun. Separate Sch. Dist. v. Gates*, 467 So. 2d 216, 217 (Miss. 1985). Thomas argues that if this Court had jurisdiction in *Gates*, in which Peggy Gates only paid the costs of the transcript of the school board's nonrenewal decision after being ordered to do so when she lost her appeal, then the chancellor in the present case must have jurisdiction to consider the merits of this case. *Id.* at 217. GPSD argues that Thomas's reliance on *Gates* is erroneous because the issue of whether the cost of the transcript is included in the amount of the bond sufficient to perfect an appeal under Section 37-9-113 was not before the Court in *Gates*.

¶13. *Gates*, however, is relevant to the present case because it stands for the proposition that the court assesses court costs at the conclusion of the proceedings. *See id.* The cost of the transcript, per Section 37-9-111(4), only becomes a court cost in the event a judicial appeal is taken. Until Thomas appealed GPSD's decision to the chancery court, GPSD was responsible for the costs of any transcript prepared. GPSD's interpretation of Section 37-9-113 would have this Court find that the mere act of filing an appeal automatically requires

6

prepayment of court costs by Thomas. This is contrary to caselaw that finds that the assessment of court costs is within the discretion of the chancellor and generally is assessed against the losing party at the end of the proceedings. *Fant v. Standard Oil Co.*, 247 So. 2d 132, 133-34 (Miss. 1971) ("it is said that the costs in an equity suit does not follow the result of the case as a matter of right but are awarded according to what, in the sound discretion of the court, is deemed fair and just under all the circumstances of the case." (citing Griffith, *Mississippi Chancery Practice* §628 (2d ed. 1950)); *Leaf River Forest Prods., Inc. v. Rowell*, 819 So. 2d 1281, 1285 (Miss. Ct. App. 2002) ("as a general rule, the costs of court should be assessed against the losing party"). The plain language of the statute does not outline a different procedure, and we decline to accept GPSD's interpretation of the statute.

¶14. Neither *Gates* nor *Shope* are directly on point; however, neither is necessary to resolve the issues of this case. "[C]ourts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the *obvious intent* of the legislature." *Grisham*, 957 So. 2d at 1001 (alteration in original) (internal quotation marks omitted) (quoting *Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994)). This Court finds that while $200 is the default amount of the bond, the "not less than" language in the statute clearly gives the chancellor discretionary authority to raise the amount of the bond. § 37-9-113(2). Nevertheless, the statute does not require the chancellor to set the bond in an amount equal to the actual costs of appeal or the cost of a transcript because the "payment of all of the costs of appeal" is merely a "condition" of the bond. § 37-9-113(2). This Court finds that the chancellor correctly reconciled Section 37-9-111(4) with Section 37-9-113(2).

7

It was within the legislature's prerogative to classify the hearing transcript as part of the cost of the bond if it had so desired, but the legislature instead designated it as a court cost. § 37-9-111(4). Generally, the "assessment of court costs is within the chancellor's sound discretion[.]" *Rowell*, 819 So. 2d at 1285.

## II. Whether the chancellor erred by determining that $200 was a sufficient bond amount in this appeal.

¶15.    "This Court will not disturb the chancellor's opinion when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Rankin v. Rankin*, 323 So. 3d 1073, 1077 (Miss. 2021) (internal quotation marks omitted) (quoting *Holloman v. Holloman*, 691 So. 2d 897, 898 (Miss. 1996)). While the cost of the transcript was arguably expensive, we cannot say that the chancellor abused his discretion by determining that the statutory minimum was sufficient to perfect the appeal. The chancellor noted that he would consider relevant factors such as financial ability, cost of the transcript, court costs and costs of appeal. Nevertheless, the chancellor determined that $200 was sufficient and reserved the right to assess to Thomas the entire cost of the transcript and other costs if she was not successful in her appeal. This Court finds that the chancellor did not abuse its discretion by making this determination because the legislature, in Section 37-9-113(2), used language that authorized the chancellor to exercise discretionary authority in determining the bond amount, so long as that bond is "not less than $200[.]" We affirm the chancellor's decision that, in the instance the parties cannot agree, the court may consider relevant factors, such as the financial ability of the appellant, the expense of the transcript, other known costs of appeal

and/or court costs and/or any other relevant factors and may set a reasonable bond amount. Thomas posted sufficient bond to confer jurisdiction on the chancery court and to perfect her appeal.

## CONCLUSION

¶16.   The minimum required bond amount for an appeal under Section 37-9-113 is $200. This Court finds that the legislature, through Section 37-9-113(2), has given the chancellor discretionary authority to raise the required bond to a reasonable amount for appeals of employees of the school district aggrieved by final employment decisions. This Court further finds that the chancellor did not abuse his discretion by setting the bond in this case at $200, because the chancellor also has discretion to allow the bond to remain at the $200 statutory minimum. We affirm the chancellor's ruling that Thomas posted sufficient bond to perfect her appeal, and we remand this case for further proceedings.

¶17.   **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KITCHENS, P.J., COLEMAN, MAXWELL, BEAM AND GRIFFIS, JJ., CONCUR. ISHEE, J., CONCURS IN PART AND IN RESULT WITH SEPARATE WRITTEN OPINION. KING, P.J., NOT PARTICIPATING.**

**ISHEE, JUSTICE, CONCURRING IN PART AND IN RESULT:**

¶18.   I agree with the majority that the chancellor committed no error by finding that the $200 cash bond was sufficient. I would, however, hold that the chancellor has no authority to require a bond in a penalty greater than required by the statute, which is $200.

¶19.   Section 37-9-113(2) allows an employee aggrieved by her nonrenewal to appeal from the decision of the school board by filing a petition and bond with the chancery clerk within

9

twenty days of the school board's decision. The bond must be "in the penalty of not less than Two Hundred Dollars ($200.00), conditioned upon the payment of all of the costs of appeal." *Id.*

¶20. Section 37-9-113(2) states that the bond shall be "in the penalty of not less than [$200]." The "penalty" of a bond is "[t]he sum of money which the obligor of a bond undertakes to pay . . . ." *Penalty*, Black's Law Dictionary (6th ed. 1990). Thus, other than the somewhat archaic language, the statute could not be more clear that the amount required is "not less than [$200]." Thomas posted a cash bond in the amount of $200, which is "not less than $200."

¶21. In ***Dodd v. City of Jackson***, 238 Miss. 372, 118 So. 2d 319, 332 (1960), this Court addressed a similar statute:

> Now an appeal from a decree with regard to the creation of a municipal corporation is governed by Section 3374-08, Code of 1942, Rec., which is as follows: "Any person interested in or aggrieved by the decree of the chancellor, and who was a party to the proceedings in the chancery court, may prosecute an appeal therefrom to the supreme court within ten (10) days from the date of such decree by furnishing an appeal bond in the sum of five hundred dollars ($500.00) with two good and sufficient sureties, conditioned to pay all costs of the appeal in event the decree is affirmed. Such appeal bond shall be subject to the approval of the chancery clerk and shall operate as a supersedeas. If the decree of the chancellor be affirmed by the supreme court, then such decree shall go into effect after the passage of ten (10) days from the date of the final judgment thereon, and the party or parties prosecuting such appeal and the sureties on their appeal bond shall be adjudged to pay all costs of such appeal."

Just as in Section 37-9-113(2), which is at issue in today's case, the bond in ***Dodd*** was "conditioned to pay all costs of the appeal." ***Dodd***, 238 Miss. 372, 118 So. 2d at 332. But

10

this Court rejected the argument that the appeal bond in the amount specified by the statute was insufficient to perfect the appeal because it could not cover all the costs of the appeal:

> It may be that the legislature deemed that proceedings of this kind are matters of such public importance that great liberality should be extended in appeals in such cases. It can be seen that rank injustice might occur in the arbitrary inclusion of the property of a small taxpayer, and that he would be deterred from an appeal out of fear that he would lose all of his property on account of a large cost bill. It may be that the legislature did not foresee that costs might soar to such astronomical figures. Be that as it may, the statutes give an interested party the right to appeal on his furnishing a good bond in the sum of $500, and to have such bond operate as a supersedeas. This Court cannot, by judicial construction, repeal them.

> The chancellor had no authority to require bonds in excess of $500.

*Id.*

¶22. GPSD points out that in many other appeals, a rule or statute such as Mississippi Code Section 11-51-29 (Rev. 2019) requires an appellant to prepay costs. This is undoubtedly true as a general proposition, but the rules and statutes cited are inapposite to this specific appeal; the statute governing appeals from nonrenewal by a school board specifies a bond of "not less than [$200]," but it does not require the prepayment of costs. *See* Miss. Code Ann. § 37-9-113(2). The chancellor likewise often has discretion in setting appeal bonds, but that is when the chancery court is the court being appealed from; in today's case, the chancery court is acting as an appellate court, and the appeal bond at issue is to be filed with the chancery clerk to perfect the appeal to the chancery court from the school board.

¶23. I acknowledge that the words *not less than* in the statute suggest a higher bond may potentially be required, but neither GPSD nor the majority can point to any authority permitting the chancellor to set the bond. Section 37-9-113(2) required Thomas to post a

11

bond with the chancery clerk in an amount "not less than [$200]" within twenty days of the board's decision, and that is all. The fact that the statute states the bond must be "not less than [$200]" does not imply any authority of the chancery court to require more than the statute does. To begin with, it is procedurally impossible—the chancery court obtains appellate jurisdiction over the appeal by the would-be appellant's posting of the bond with the chancery clerk within twenty days of the school board's decision; the chancellor has no opportunity to set amount of the bond.

¶24.    Second, the Mississippi Code is riddled with statutes employing the words "not less than" to set a requirement, without any suggestion that a court or governing authority has the power to require more than the statute does. For example, Mississippi Code Section 85-7-432 (Rev. 2021) (emphasis added) states that performance bonds for construction contracts "shall be . . . in an amount *not less than* the amount of the contract." A contractor could offer a higher bond, but could a court rely on the words "not less than," by themselves, to find a contractor violated Section 85-7-432 because the court thought he should have offered a bond of 125 percent of the contract? Likewise, Mississippi Code Section 37-151-5(j) (Rev. 2014) (emphasis added) defines a minimum school term to require "scheduled classroom instruction for *not less than* sixty-three percent (63%) of the instructional day." Could a court rely on the words "not less than," by themselves, to find that a school failed to satisfy Section 37-151-5(j) because the court found 70 percent of the day to be reasonable? Mississippi Code Section 83-47-25(2)(b) (Rev. 2011) requires the commissioner of insurance to approve a plan and procedure for a corporation to become a stock insurance corporation

if, among other things, the plan or procedure "is subject to approval by vote of not less than three-fourths . . . of the corporation's current members voting." And so forth and so on.

¶25. The words "not less than" are also repeatedly used in the Mississippi Code with respect to bond requirements, again without any suggestion that those words empower a court or governing authority to require more. For example, Mississippi Code Section 57-32-3 (Rev. 2014) requires members of the South Mississippi Industrial Council to make "a surety bond in an amount not less than ten thousand dollars . . . indemnifying the council against malfeasance or misfeasance in office." Mississippi Code Section 17-3-25 (Rev. 2012) similarly requires members of a convention bureau board to post bonds "in an amount not less than Fifty Thousand Dollars." There are others.

¶26. Simply put, neither GPSD nor the majority can point to any authority permitting the chancery court to increase the appeal bond beyond the minimum required by Section 37-9-113(2). The ultimate "assessment of court costs is [usually] within the chancellor's sound discretion . . . ." *Leaf River Prods., Inc. v. Rowell*, 819 So. 2d 1281, 1285 (Miss. Ct. App. 2002). But the appeal bond is a jurisdictional prerequisite in an amount set by the Legislature. A court cannot deprive a litigant "of [her] right of appeal by . . . demanding an appeal bond in a greater penalty than that authorized by the statute." *Redus v. Gamble*, 85 Miss. 165, 37 So. 1010, 1010 (1905).

¶27. For those reasons, I concur in part and in result.